## Case No. 11,354.

### In re POWELL.

[2 N. B. R. 45 (Quarto, 17).] [1]

District Court, D. New Jersey. 1868.

BANKRUPTCY — ACKNOWLEDGMENT OF POWER OF ATTORNEY—QUALIFICATION OF ASSIGNEE.

1. An acknowledgment of a power of attorney authorizing a person to appear for a creditor is not necessary. An objection to the appointment of assignee, for the reason that he is related to the bankrupt, is well taken.

[Cited in Re Wetmore, Case No. 17,466.]

2. Where director of a bank, to which bank the bankrupt had shortly before confessed judgment, had been appointed assignee, held, that an objection to the assignee acting as such, grounded on the above facts, was well taken.

[In the matter of Allen F. Powell, a bankrupt.]

FIELD, District Judge. In this case the register certifies that at the first meeting of the creditors of the said bankrupt, powers of attorney were produced, executed by several of the creditors, authorizing the persons to whom they were given to vote for an assignee. They were objected to by the counsel for some of the creditors, upon the ground that they had not annexed to them certificates of acknowledgment of the due execution thereof. The register overruled the objection, and allowed the attorneys named in the said powers to vote thereon in the election of an assignee. In my opinion the ruling of the register was right. The twenty-third section of the bankrupt act [of 1867 (14 Stat. 523)] provides that "any creditor may act at all meetings by his duly constituted attorney, the same as though personally present." I am at a loss to imagine upon what ground it could be supposed that an acknowledgment was necessary to the validity of a power of attorney. The act does not require it, and the form number fourteen contemplates only that the power of attorney should be signed in the presence of a subscribing witness, and endorsed by the register as having been exhibited to him. An acknowledgment is never necessary to the validity of a written instrument, unless required by some positive law. It might be asked, too, if an acknowledgment is required in this case, before whom is it to be made? But the question is too clear to make any argument necessary.

The register further certifies that, of the votes given for assignee, Allen Fennimore received a majority in number and in value of the creditors who voted; and that thereupon the counsel for certain of the creditors objected to the confirmation of the choice of the said Allen Fennimore as assignee, for two reasons: First. Because he was related to the bankrupt, being the brother of his mother, and, Second. Because he was a director of a bank to which the bankrupt had, just previous to the filing of his petition, confessed a judgment, by virtue of which all his property had been sold. Both these objections are, I think, well taken; certainly, as a general rule, it is better that the assignee should not be in any way connected with the bankrupt. And as to the second objection, the eighteenth section of the bankrupt act expressly provides that "no person who has received any preference contrary to the provisions of this act shall vote for or be eligible as assignee." The director of a bank to which a judgment had been confessed by the bankrupt, shortly before the filing of his petition, comes within the spirit if not the letter of this clause of the act. The thirteenth section provides that all elections or appointments of assignees shall be subject to the approval of the judge; and when, in his judgment, it is for any cause needful or expedient, he may appoint additional assignees or order a new election. I shall decline to approve of the said choice of assignee, and will order a new election.