## Case No. 1,488.

### In re BLAISDELL et al.

[5 Ben. 420;[1] 6 N. B. R. 78; 42 How. Pr. 274.]

District Court, S. D. New York. Dec. Term, 1871.

BANKRUPTCY—DUTY OF ASSIGNEE—LIST OF CREDITORS.

The assignee in bankruptcy may be ordered by the register to furnish to the bankrupt a certified list of the creditors who have proved their debts, and must obey the order.

[Cited in Re Dole, Case No. 3,965.]

[In bankruptcy. In the matter of Alvah Blaisdell and others.]

In this case one of the bankrupts having applied for his discharge, his petition was referred to the register. The register gave him duplicate lists of the creditors who have proved their debts, one of which he left with the assignee to be certified as correct by him. The assignee having failed to do so, the bankrupt obtained from the register an order that the assignee show cause why he should not sign the lists. On the return of the order to show cause, the assignee failed to appear, and he did not sign the lists, whereupon the register certified the proceedings to the court, stating that he proposed to make an order that the assignee furnish and deliver the lists, duly signed, to the bankrupt within three days.

[2] [By JOHN FITCH, Register: This case is now pending before me. It is an involuntary proceeding. At the first meeting of creditors herein, John Mackenzie was duly chosen assignee and accepted said trust, his appointment was duly confirmed and the usual assignment of the bankrupt's estate and effects was made and delivered to him. That quite a large number of claims have been proven against the estate, which proofs of claims have been delivered to said assignee. That Alvah Blaisdell, one of the said bankrupts, on the 27th day of October, 1871, filed his petition for final discharge in the office of the clerk of this court in bankruptcy. That the said cause is before me in accordance with the rules and practice of this court. Whereupon said bankrupt applied to me for an order to show cause why he should not be discharged. I thereupon made and delivered to said bankrupt duplicate lists of all the debts proven against his estate, taken from my books, the record of this court. That it appears from the petition of said bankrupt, that said list of debts, &c., were delivered to and left with said John Mackenzie, assignee as aforesaid, for his signature, on or about the 29th day of October, 1871. That said petition further states upon information and belief that said list of debts were by said assignee delivered to one D. M. Porter, Esq., his attorney, who was called

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 6 N. B. R. 78.]

upon several times by one James J. Yates, Esq., on behalf of said bankrupt, for the purpose of obtaining said lists of debts, &c. That said D. M. Porter, stated to him that he would examine said lists at his leisure, and if he found them correct he would send them to the register. That said Porter did not send said lists of debts, &c., to me, and said bankrupt on the 8th day of November, 1871, applied to me by petition duly verified, for an order to .show cause why said John Mackenzie, assignee as aforesaid, should not sign said lists of debts, &c., and deliver the same to me. Whereupon I issued an order to show cause, directed to said John Mackenzie, assignee, requiring him to show cause before me on the 14th day of November, 1871, at 12 o'clock noon of that day, why he should not sign said lists of debts, &c.

[That a copy of said petition and order to show cause was duly served upon said assignee, on the 9th day of November, 1871, as appears by affidavit. That on the return day of said order to show cause, to wit, November 14, 1871, said assignee failed to appear either in person or by attorney; neither did he sign or deliver said lists of debts, &c., to me of said bankrupt.

[The bankrupt is, by the rules and practice of this court, entitled to an order to show cause and the certificate, as it is necessary to file with the petition for discharge a list of the creditors who have duly proved their debts. and it is also the duty of the assignee to certify the same, as notice to the creditors who have proven their debts must be sent by mail to all such creditors. Gazz. Bankr. 135. It has been the uniform practice in this district for the assignee to make such certificate, which certificate most certainly comes within the word "instrument," as per section of the bankrupt act, and it is not reasonable that he should do so, as many claims as are proven before the courts, other than of the district in which the cause is pending, and sent directly to the assignee in the case, instead of being first sent to the register in charge, to be by him adjudicated upon, entered upon the record of the court, and then delivered to the assignee, as they should first be entered upon the records of the court. It has been the uniform practice in this district to have such certificate signed both by the register and the assignee, in order to enable the bankrupt to have a correct list filed with the clerk, so that all the creditors may receive the notice of the order to show cause, thus enabling them to oppose the bankrupt's discharge, and also freeing the bankrupt from any imputations of filing an incorrect list, or of withholding the name of any creditor; also leaving his discharge free from any taint of fraud and avoids the appearance of any evil intent.

[I hold it to be the duty of the registers in the trial of the causes before them to see that the rules and practices of the court shall be complied with, and that the proceedings had before them should be in conformity with the rules of the court, the general orders and the bankrupt law. [Act March 2, 1867; 14 Stat. 517, c. 176.] This doctrine is held by the court in Re Bushey [Case No. 2,227]. This motion is properly made before the register, as the register is the court before whom it must be heard. In re Carow [Id. 2,426]; In re Heller [Id. 6,339].

[The bankrupt has a right to make this motion, as the refusal of the assignee, or his neglect to give such certificate operates as a stay of proceedings, as the certificate is a necessary proceeding in the case in order to enable the bankrupt to obtain the order to show cause why he should not be discharged, and to notify the creditors entitled by law to such notice. This proceeding is ex parte. The bankrupt is entitled to the order as a matter of right. It is the duty of the register to grant it. It is an application to the court to require the assignee, who is an officer of the court, to do his duty. A creditor has no right to oppose it, and no notice of it is required to be given to any one but the assignee. Should the assignee be dissatisfied with the decision of the register, he ·has the right to appeal from the order at chambers to the special term, the same as a creditor would have from the decision of the register, allowing amendments to schedules. In re Hill [Case No. 6,481]; In re Orne [Id. 10,582]; In re Jones [Id. 7,447]; In re Levi [Id. 8,296]; In re Patterson [Id. 10,814]; In re Morford [Id. 9,796]; In re Watts [Id. 17,293].

[The decision of this motion necessarily involves the question of the duties of an assignee and the power of the courts over them and their proceedings. The law and practice of the courts give sufficient power to the courts for all practical purposes to compel the assignee to obey its orders. It arises. in these proceedings before me to certify the same to the courts. The English authorities hold an assignee to be a person appointed by the court during the pendency of the suit to do and perform certain acts. under the direction and order of the court, or under the provision of some statutory enactment. Wyatt, Pract. Reg. 355; also, see Gazz. Bankr. Dig. He is an officer of the court (In re Burke, Ball & B. 74), and cannot be disturbed by any body without leave of the court. His appointment was provisional only, and was subject at all times, upon proper cause shown, to removal by the court. Skip v. Harwood, 3 Atk. 564; Cooke v. Gwyn, Id. 690. He was appointed by the court as an indifferent person and as an officer of the court to act on behalf of the parties interested.

[The supreme court of this state at a general term, first judicial district, Ingraham, J., held that an assignee was an officer of the court, and it was the duty of the court to make all orders to secure the proper fulfillment of his duties, and such has been the

uniform decision of all our state courts. The rights, duty and power of the court to control the action of assignees is clearly given by section 18 of the bankrupt act, and it is also in the inherent power of the court to exercise a sound discretion and controlling jurisdiction of its officers and suitors, as well as the subject matter of the action in any proceeding pending before it. 18 Wend. 652; 1 Denio, 659; 11 Johns. 254; 1 Grah. Pr. (3d. Ed.) 661–675; Gazz. Bankr. Dig.

[By rule 19 of the general orders in bankruptcy, the duties of an assignee are defined, and his actions governed by the orders of the court. In a recent decision by the supreme court of the United States, Chase, C. J., held in the opinion of the court, all the justices concurring: "That an assignee must do his duty, and it is but fair to hold, that if he neglects or refuses to do his duty, the court will, on motion, compel him to do so which can be done by the judge or register as the circumstances of the case require." In a case like this, it is clearly the intention of the bankrupt act, that the register should exercise this authority while the case is pending before him.

[By section 18 of this bankrupt act, an assignee refusing or unreasonably neglecting to execute an instrument when lawfully required by the court, or disobeying a lawful order or decree of the court in the premises, may be punished as for a contempt of court.

[Any person interested in the acts of an assignee may apply to the court for an order requiring of such assignee the specific performance of any of his duties; and that in this case the register has the power to grant the order asked for. In re Gettleson [Case No. 5,373]; Gazz. Bankr. Dig.

[It was plainly the intention of congress to give the registers, as assistant district judges, the same power in all respects, in cases pending before them, that the district judges have. Such have been the uniform decisions of all the district judges, and the registers who have written on the subject. Such power was absolutely necessary to be given to the registers, in order to enable them to discharge the judicial duties devolving upon them. In re Kingon [Case No. 7,-815]. The assignee does not, either in person or by attorney, show any cause why this motion should not be granted; therefore, admits the facts stated in the motion papers, and that the bankrupt is entitled to this specific relief. It is but reasonable and right that he should give the certificate, and the refusal to do so, especially after the notice of this motion is improper, and a lack of good faith as assignee and the nonperformance of a plain and imperative duty and calls at once for the imperative order of this court requiring him to do his duty. I propose to grant the following order, and ask the direction of the district court thereon, which order will be binding on the as-signee, and it will be his duty to obey it or be punished for contempt of court. At the request of the bankrupt I certify the fact of the nonperformance of duty on the part of the assignee to the district court.

[Upon the motion papers, proceedings in bankruptcy, and application of Alvah Blaisdell, one of the said bankrupts, and upon all the proceedings under the order to show cause of November 8th, 1871, it is ordered that John Mackenzie, the assignee herein, furnish and deliver to Alvah Blaisdell, one of the above named bankrupts, a list of all the debts and claims proved against the estate of said bankrupts, which have come into his hands, with the places of residence and post office addresses, when stated, duly signed by said John Mackenzie as assignee herein, within three days after the service of a copy of this order upon him.

[First. Upon the motion papers and the proceedings in this case before me, I decide, as a matter of law, that this motion to compel the assignee to perform a duty merely to give the usual certificate of the names of the creditors, who have proved their claims herein, is one which he has a right to make ex parte, and the register the right to hear and determine, and that none but the assignee and bankrupt has a right to be heard upon the motion.

[Second. That the bankrupt is by the rules and practice of this court, and the bankrupt law, entitled to the usual certificate, giving the names of the creditors who have proved their claims, and that the assignee in this case sign a certificate setting forth the names of the creditors who have proved their claims as per form.

[In this case the relief asked for by the bankrupt is necessary in his proceedings. It is the duty of the assignee to make the required certificate; he has been duly requested to make it. He has failed to do so. The motion of the bankrupt is granted.][3]

BLATCHFORD, District Judge. I think that the register has power to make the proposed order, and that it will be the duty of the assignee to comply with it.