1831.

THE WASHINGTON INSURANCE COMPANY *vs.* SLEE
and others.

Washington
Ins. Co.
v.
Slee.

At law, where an execution is in the hands of the sheriff at the time of the abatement of the suit by the death of the defendant, the proceedings under the execution will not be stayed, as it can be executed without any further order from the court.

But if a new execution is necessary, or any other proceeding which is either actually or constructively to be done by the court, the proceedings must be suspended until the judgment is revived by scire facias.

It seems that the same rules prevail in equity; at least in favor of parties who have acquired rights under an execution, issued upon a decree previous to the abatement of the suit.

Whether the purchaser at a master's sale, under similar circumstances, would obtain a valid title where an order of confirmation is necessary before the sale becomes absolute ? Quære.

Where a decree cannot be carried into effect without a direct application to the court, an order for that purpose cannot be made after an abatement by the defendant's death, and before the suit is revived.

It seems that any thing which could be legally urged by plea or otherwise, as a defence to a bill of revivor, constitutes a valid ground of objection to an order to revive, under the statute.

THIS was an application to stay the proceedings on a decree of sale, upon the ground that the suit had abated by the death of one of the owners of the premises. The facts are stated in the opinion of the court.

March 15th.

*S. A. Foot*, for the petitioners.

*M. Hoffman*, for the assignee of the decree.

THE CHANCELLOR. A general decree was made in this cause, which exempted a part of the mortgaged premises from a sale, on account of particular equities which existed in favor of the defendants, who were the owners of those portions of the premises. The residue of the premises appears to have belonged to the defendants Stevens and Aikin; and Slee also held a mortgage on the part belonging to Aikin. The whole of that residue was ordered to be sold under the direction of master Drake, and the proceeds thereof to be applied to the payment of the mortgage money and costs; and the

balance, if any, to be brought into court. The decree was made in June, 1823, and the order of sale was soon afterwards put into the hands of the master to be executed. Chapman, one of the trustees of Mrs. Dyett, who had purchased Stevens' interest in the premises about the time of the decree, subject to this incumbrance, soon afterwards paid the amount of debt and costs to the complainants, and took an assignment of the decree to the Life and Fire Company, to secure them for a loan of bonds which he had obtained from that company, and by the sale of which he had raised the money paid to the complainants. The proceedings under the decree were then suspended. The master has since died; so also has Aikin, one of the defendants, who was part owner of the premises directed to be sold. The interest of Mrs. Dyett's trustees and of Chapman in the premises, has since been sold, under an order of this court, and purchased by Bache. He insisted that he purchased under the advice of counsel that this incumbrance or decree could never be enforced against the premises. The decree has passed from the Life and Fire Company, by assignment, to Jacob Barker; and is now held by T. L. Wells, in trust for him, or for the estate of Mrs. Dyett, or for some other persons, whose interest does not appear in the proceedings. The suit has never been revived; but in June last, Wells presented an ex parte petition to the court, showing the several assignments by which the interest of the complainants was vested in himself, and the death of master Drake; and thereupon, with the assent of the former solicitor, obtained an order substituting himself as the complainant's solicitor, and authorizing any master to proceed and execute the decree. He was proceeding to sell under this order, when Bache presented the present petition to stay the sale, on the ground that the proceedings were irregular, as the suit had abated by the death of Aikin. The petitioner also asks that the parties may be brought before the court, who are now interested in this litigation by assignment or purchase. The widow and children of Aikin have also presented a similar petition; but as that appears to be merely in aid of the petition of Bache, it cannot be material to notice it particularly. It appears that part of the factory

1831.

Washington
Ins. C.
v.
Slee.

lot was conveyed by Slee, as early as May, 1815; and the conveyance to Aikin, according to Slee's affidavit, was in December thereafter. It therefore follows from the principles established in *Clows* v. *Dickinson*, (5 John. Ch. Rep. 225,) and other cases, that the owner of the factory has an equitable right to have the proceeds of the Aikin lot applied in satisfaction of this mortgage, prior to the application of the proceeds of the premises, which were conveyed to Slee at a previous date. Bache's claim to stay the proceedings would therefore have been equally strong, without the aid of these new allies, if the Aikin lot cannot be sold without reviving the suit.

I am not prepared to say there is no case in which the master would be permitted to go on and perfect a sale after the death of a party. At law, if an execution is in the hands of the sheriff at the time of the abatement of the suit by the defendant's death, so that he can go on and execute the judgment without any further order or direction of the court, the abatement of the suit will not stay the proceedings under that execution. But if a new execution is required, or any other proceeding is necessary, which is either actually or constructively to be done by the court, the proceedings must be suspended until the judgment is revived by scire facias. In *Warham* v. *Broughton,* (1 Ves. sen. 181,) Lord Hardwicke seems to recognize this distinction as applicable to proceedings in this court. It certainly may be sanctioned, in favor of parties who have obtained rights under an execution issued upon a decree, previous to an abatement. But it may be doubtful whether the purchaser would obtain a valid title under a master's sale, under similar circumstances; as the sale in most cases requires an order of confirmation before it becomes absolute. Such an order, though entered ex parte, in the register's office, is constructively the act of the court; as much so as the issuing of an execution, by the clerk, in a court of law. Where the decree cannot be carried into effect without some positive act of the court supplying a defect in the proceedings or decree, it is evident there must be a revivor, or some other proceeding in the nature of a revivor

*1831.*

*Washington Ins. C. v. Slee.*

or scire facias, before the benefit of the decree can be obtained.

In this case, the decree directed the sale to be made by a particular master, by name. That master is now dead, and has been for several years. It therefore became impossible to carry the decree into effect, without a direct application to the court for a new order, authorizing another master to proceed and sell the mortgaged premises. Such an order. could not be regularly made, while the suit was abated by the death of a defendant whose property was to be sold under the decree. The order of the 14th of June last, so far as it authorized another master to proceed and sell the mortgaged premises under the decree, was irregularly and improvidently entered, and must be set aside. All proceedings under the decree, except such as may be necessary for the preservation of the property, must be suspended until the suit is revived.

Whether this is a case in which the suit can be revived on the petition of the original complainants, under the statute, or whether the assignee must file an original bill, in the nature of a bill of revivor and supplement, against the parties who now own the property, are questions which I am not prepared to decide without further argument. The revival by order can only be adopted where a simple bill of revivor was sufficient to revive the suit before the statute. It seems to follow that the same objections which might be raised by plea or demurrer to a bill of revivor, may be shown in opposition to a petition to revive under the statute; and if the assignment by the Washington company could be pleaded in bar to a bill of revivor filed by them, it is evident that the assignee must proceed by original bill, in the nature of a bill of revivor and supplement, in his own name, making all necessary parties thereto.