SWIFT and another *vs.* COLLINS and another.

*Where the beneficial owner of a demand is a non-resident of the state and prosecutes in this court in the name of parties residing here who are insolvent, he will be compelled to give security for costs.*

MOTION on behalf of the defendants for security for costs. The action is in assumpsit, and Alanson Allen, who resides in the state of Vermont, claims to be the owner of the demand to recover which the suit is brought and is the party in interest therein, and the suit is prosecuted by him for his own benefit. The plaintiffs on the record reside in this state, but are insolvent.

*J. Newland,* for the defendants, insisted that upon the equity of the statute, (2 *R. S.* 619, § 44,) the party beneficially interested, when a non-resident, should be required to find security for costs. Such parties are liable to pay costs, and should be compelled to give security in the same cases in which it would be required of plaintiffs prosecuting in their own names.

*S. Stevens,* for the plaintiffs, argued that the statute authorizing security to be required of non-resident plaintiffs did not embrace this case. Where plaintiffs were named in that statute, those who are such on the record are intended.

*By the Court,* BEARDSLEY, J. It is not necessary to inquire whether this case is within the words of the statute, (2 *R. S.* 619, *tit.* 2, § 1,) for the power to require security for costs is inherent in the court. (*The People* v. *Oneida C. P.,* 18 *Wend.* 652.)

The real plaintiff in this case is beyond the jurisdiction of the court, and the nominal plaintiffs are insolvent. He should not be allowed to sue in their names, for his own benefit, without giving adequate security to pay costs if the defendants succeed in their defence.

Motion granted.