## DYER vs. DUNIVAN.

The late Court of Common Pleas having granted an absolute order, requiring a Defendant to file security for costs, and staying his proceedings until such security was filed. A motion was made to vacate that order, on the ground that the cause having been transferred to the Supreme Court, the order should be superseded. *Held,* that the Common Pleas had power to require security, independent of the statute. A change in the situation of the parties by a repeal or modification of the statute, could make no difference. Motion denied.

*November Special Term,* 1847. *Otsego county.*—Motion to vacate an order of the Court of Common Pleas, that the Plaintiff file security for costs, &c.

It appeared from the affidavits that the Plaintiff, at the time of the commencement of the suit, was a resident of the county of Otsego, and that he subsequently removed to the county of Broome. That an order was duly obtained, requiring him to file security for costs, or show cause at the ensuing term of the court, to be held on the 3d Monday in June last. That cause was shown, but an order made staying his proceedings until he should file security.

MOREHOUSE, Justice.—It is insisted that the transfer of this cause to the Supreme Court, is a sufficient reason for superseding the order of the Common Pleas. Affirmative provisions in a statute do not neces-

sarily change the common law on the same subject, except when repugnant to it, but the duties and rights imposed or conferred, are cumulative. (Comyn's Digest, tit. Parliament Rep., 23, 24.) The power of staying proceedings till security for costs shall be filed, is incidental, and has been, and may be so exercised. (18 Wend. 652, 1 Denio, 659.) The Court of Common Pleas having the power to require security, independent of the statute, a change in the situation of the parties by a repeal or other modification of the statute, cannot be urged here as a reason for vacating the order. The action is for slander, and is represented as frivolous, if not vindictive, and the Plaintiff irresponsible, and it might have appeared to the court a proper case for the exercise of their discretionary power to order security for costs not controlled by the statute. Motion denied.