WILLIAM A. COIT, Appellant, *v.* FREEMAN CAMPBELL, Survivor, etc., et al., COURTLAND PALMER, Executor, etc., Respondent.

*It seems* that the effect of the provision of the Code of Civil Procedure (§ 757, as amended by chap. 542, Laws of 1879), requiring the court, on motion, to revive an action "in case of the death of a sole plaintiff or a sole defendant" where "the cause of action survives or continues," is to take away the discretion which the court previously had, either to grant leave or to put the party to his bill of revivor, and requires that the relief shall be granted on motion, making the motion a complete substitute for the bill.

But the provision does not compel the granting of the motion in all cases; it simply requires that, where the party has the right to a revivor or continuance, the relief shall be granted on motion.

This right is to be determined according to the settled rules of equity, so far as established by precedent.

It is a rule of equity thus established, that the discretion of the court to refuse to revive a suit on the ground of delay, is to be guided by the statute of limitations applicable to the subject-matter of the suit.

*It seems* also that said provision of the Code is not limited to actions originally brought by a single plaintiff against a single defendant.

Where all of several defendants but one have died, and the right of action has survived against him, he is a sole defendant within the meaning of the provision; and upon his death, the action may be revived against his representatives.

It is, however, only to the case of a *sole* defendant that said provision applies, and the action can be continued under it only against the representatives or successors in interest of such sole defendant.

This action was brought by plaintiff, as judgment creditor of a firm of which defendant C. was the surviving partner, to reach certain lands the legal title to which was in defendant P., but which it was alleged was held by him as trustee for the firm. P. died in May, and C. in June, 1874. Letters testamentary were issued to their executors in June. A motion to revive the action against the executors of both and also of the partner who had died before the commencement of the action was made in 1879. *Held*, that if the case fell within said provision of the Code, the delay was insufficient to bar the right of plaintiff to revive; but that the case was not included within said provision; that the principal party defendant was P., and when he died, he was not the sole defendant, and as to him, the provision did not apply; that at most it only authorized a revivor against the representatives of C., which would be of no avail, as he was only a nominal defendant.

Also *held*, that the action could not be revived against P.'s executors, as it did not appear that he devised to them the lands in question, or that

they had any interest therein; but on the contrary, it appeared that P. conveyed before his death.

(Argued September 21, 1880; decided November 16, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, denying a motion on the part of the plaintiff to revive the action against the representatives of the defendants. (Reported below, 20 Hun, 50.)

This action was brought by plaintiff as judgment creditor of the firm of Campbell & Moody, of which firm defendant Campbell was the surviving partner, to reach certain lands, the title to which was in defendant Palmer, but which the complaint alleges were held by him in trust for the benefit of said firm.

The action was commenced in 1867. Defendant Palmer died May 10th, 1874. Campbell died June 5th, 1874. Letters testamentary were issued to their executors respectively, in the latter month. In January, 1879, a motion was made to revive the action against the executors of the deceased defendants, and against the administrators of the deceased partner Moody. The motion was denied in March, 1879, on the ground of laches, with leave to renew on showing excuse for the delay. The motion was renewed upon further affidavits, and was denied in August, 1879; the last order being the one appealed from.

*N. Cothren* for appellant. The application was made under section 757 of the Code of Civil Procedure, as amended in 1879, and is to be governed by the law in force at the date of its making. (*Morse* v. *Gould*, 11 N. Y. 281; *Connor* v. *Mayor, etc.*, 5 id. 285; *Van Rensselaer* v. *Suydam*, 13 id. 299; *James* v. *Andrews*, Seld. Notes, 1–6.) The plaintiff was entitled to this order as a matter of absolute right. (1 Rev. Laws, 1813, 488, § 7; 2 R. S. 184, §§ 107–109; Code of Proc., 1848, § 101; Laws 1849, chap. 438, § 121; Code of Civ. Proc., §§ 756–759.) The words "sole defendant," in section 757 of the Code of Civil Procedure, should be construed to include "all the defendants." (*Doreausseau* v. *United States*, 6 Cranch, 314, 323; Potter's Dwarris on Statutes, 179.) The court should not hesitate to

so construe the statute as to carry out the legislative intent, as shown above. (*Commonwealth* v. *Kimball*, 24 Pick. 370; *Hart* v. *Cleis*, 8 Johns. 41; *Pillow* v. *Bushnell*, 5 Barb. 156; *Holmes* v. *Carley*, 31 N. Y. 290; *People* v. *Utica Fire Ins. Co.*, 15 Johns. 380, 381; *Straddling* v. *Morgan*, Plowden, 205; *Eysten* v. *Studd*, 2 id. 465; *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 523; *Pierson* v. *People*, 18 Hun, 249; *Mitchell* v. *Mitchell*, 1 Gill, 66; *People ex rel. Riedman* v. *McCue*, 18 Hun, 54; 10 How. 79, 83; *Green* v. *Martin*, 10 Weekly Dig. 129.) The plaintiff's cause of action has not abated. (*Wade* v. *Kalbfleish*, 58 N. Y. 282; *Bond* v. *Smith*, 11 N. Y. Sup. Ct. 48; 40 N. Y. Supr. Ct. 316, 453, 519; 2 R. S. 447, §§ 1, 2.) Mere lapse of time will not defeat an application to revive. (*Evans* v. *Cleveland*, 72 N. Y. 406.)

*John L. Cadwalader* for respondent. The order is not appealable to this court. (*Beach* v. *Reynolds*, 53 N. Y. 1; *Evans* v. *Cleveland*, 72 id. 489.) The question of revival rests in the discretion of the court. (*Beach* v. *Reynolds*, 53 N. Y. 1; *Evans* v. *Cleveland*, 72 id. 489.) The court will in no case revive an action when the cause of action is gone, and does not survive. (*Little* v. *Harvey*, 9 Wend. 157; *Graff* v. *Kip*, 1 Elden. Ch. 619; *Tufts* v. *Tufts*, 18 Wend. 621.) Where delay in applying to revive is unreasonable, or injurious to the defendant, the application will be denied. (*Beach* v. *Reynolds*, 53 N. Y. 1; Story's Eq. Pl., § 831; *Evans* v. *Cleveland*, 72 N. Y. 489.)

RAPALLO, J. Both of the defendants having died, the plaintiff claims an absolute right to revive or continue this action on motion, by virtue of section 757 of the Code of Civil Procedure, as amended in 1879, which reads as follows: "Section 757. In case of the death of a sole plaintiff, or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest."

The construction of this section, as applicable to equitable actions, to which class this action belongs, is involved in the present appeal. The motion was denied on the ground of delay, and one question in the case is whether the court has power to deny the application on that ground, and if so, whether such power is regulated by any legal principle, or rests in the unrestricted discretion of the court.

It is evident that this is a question of considerable importance. To hold that the command of the statute is imperative, and that whatever length of time may have elapsed since the death of the party, the order to revive must be granted, would be contrary to established principles of equity and to the policy upon which our statutes of limitation are founded, while to hold that the subject is wholly within the discretion of the court, and that any lapse of time which it may consider unreasonable, is a sufficient ground for refusing the order, would not only be contrary to the letter of the statute, but might lead to irremediable injustice. By denying to a party a continuance or revivor of his action, his rights may be entirely lost, and if the order is purely discretionary, he is without remedy by appeal, unless, perhaps, in a gross case of abuse of discretion. There is no reason why the right of a party to continue or revive his action should be less protected by legal rules and by the privilege of appealing from an adverse decision, than his right to bring or maintain it.

Under the chancery system the remedy in case of the abatement of a suit in equity by death, was a bill of revivor. This bill the party had a right to file without applying to the court for leave, and it could be met by plea or demurrer. There was no statute fixing the time within which it might be filed, nor indeed was there any statute of limitations in England applicable to the Court of Chancery. But laches and neglect were always discountenanced and, therefore, there was a limitation to suits in the Court of Chancery, and where Parliament had limited the time of actions and remedies to a certain period, in legal proceedings, the Court of Chancery adopted this rule, and

applied it to similar cases in equity. (Angell on Limitations, § 25; *Smith* v. *Clay*, 3 Bro. Ch. 639.) This principle was held applicable to bills of revivor, in *Hollingshead's Case* (1 P. Wms. 742), which was a bill for an account, and the revivor was applied for after decree. The Chancellor said : "There can be no doubt but that if this were only a bill and answer, and the suit abated, the executor must bring his bill of revivor within six years, else the suit would be barred." (See, also, 2 Sch. & Lefroy 632.) In Story's Equity Pleadings (§ 831), this case is cited, with others to the same effect, and the rule is there laid down that if a bill in equity be for an account or other personal demand, a plea that the suit has not been revived within six years since the abatement, will be a good bar; but that it must be alleged that six years have elapsed since the taking out of administration, for the bar does not begin to run until an administration is taken out. This last proposition was expressly decided in *Perry* v. *Jenkins* (1 Mylne & Craig. 122).

Under the Revised Statutes, the formality of a bill of revivor might be dispensed with, and the remedy obtained by petition, and under the former Code (§ 121), by motion, if made within one year, and by supplemental complaint after that time. In *Beach* v. *Reynolds* (53 N. Y. 1), it was held that, under that section, the right to revive an equity suit was not an absolute legal right, but rested in the legal discretion of the court, and that long delay was a valid reason for refusing the leave asked; but it must be observed that in that case the delay was twenty-two years. In *Hercy* v. *Dinwoody* (4 Bro. Ch. 257), cited in the opinion of the Supreme Court in *Beach* v. *Reynolds* at page 9, as an instance of the application of the doctrine of laches to a bill of revivor, the delay was twenty-six years. In *Earl of Egremont* v. *Hamilton*, the bill was filed in 1799 to obtain the benefit of a decree rendered in 1740, directing an accounting, the suit having abated in 1771. These were cases, it is true, of bills to revive after decree, but I have found no case in which a delay less than the term fixed by the statute of limitations for bringing the actions sought to be revived, has been

deemed sufficient cause for refusing the revivor, and although
it is said, in general terms, that the question of delay is in the
discretion of the court, yet it is a well-established principle of
equity, that where there is a discretion to bar a right on the
ground of delay, the courts will, in the exercise of that discre-
tion, use the statute of limitations as a rule to guide their action.
(Mitford's Equity Pleadings, 293, 318.)   Of ·course this prin-
ciple applies only to cases where the relief asked relates to a
matter of right, and not to applications to the favor of the court,
or for its indulgence in cases of default or excusable neglect.
These cases are purely discretionary, and any laches which may
to the courts seem sufficient, is cause for denying relief.

It is to be observed that Judge ALLEN in his opinion in *Beach*
v. *Reynolds,* cautiously uses the term "legal discretion."   This
refers to a discretion guided by some rule, and when the man-
ner in which the discretion of a court of equity will be exer-
cised in particular cases, has been settled by a long course of
adjudication, it becomes a rule of equity applicable to similar
cases subsequently arising.

All the various proceedings which have been from time to
time authorized by statute, for the purpose of reviving suits
in equity, interrupted by the death of parties, are but substi-
tutes for the old bill of revivor.   They change merely the mode
of procedure, but the right is always the same and should be
governed by the same principles.   In *Washington Ins. Co.* v.
*Slee* (2 Paige, 368), the Chancellor expresses the opinion that
the same objections which might be raised by plea, or demurrer
to a bill of revivor, might be shown in opposition to a petition
to revive under the statute, and it would seem to follow that
a delay which would not be a bar to a bill of revivor, ought not
to be a sufficient answer to a petition under the statute or a
motion under the Code, and I regard all the authorities on the
subject as recognizing, as a rule of equity, that the discretion of
the court to refuse to revive a suit on the ground of delay, is
to be guided by the statute of limitations applicable to the
subject-matter of the suit.   (Mitford's Pleadings, 290; 2
Barb. Ch. Pr. 680; Story's Eq. Pl., § 831; Cooper's Eq.

Pl. 302.)    The court undoubtedly had, before the passage of the new Code, and the amendment of 1879 to section 757, absolute discretion to refuse to grant leave to revive on motion, and to put the party to his bill of revivor (which is misnamed in the Code a supplemental complaint, when the sole object was to revive).    And the exercise of that discretion was not reviewable in this court.    But I apprehend that the effect of section 757, as amended, is to take away that discretion and to require that the relief should be granted on motion, thus making the motion a complete substitute for a bill of revivor, and conferring upon the moving party the same rights on the motion, which he would have had as complainant in a bill of revivor.    But it would be going too far to say that it was intended to cut off any defense which the defendant would have had to such a bill.    We think the true construction is, that where a party has the right to a revivor or continuance of the action, the relief must be granted on motion.    And we also think that this right is to be determined according to settled rules of procedure in equity so far as they have been established by precedent.

No practical inconvenience or hardship can result from the adoption of the views here expressed, as the defendant or his representatives can, and always could, compel the adverse party to revive the suit or dismiss it.    But where it is suffered to slumber with the tacit acquiescence of both parties, the statute of limitations should, as a general rule, be adopted as the guide in determining the length of time sufficient to bar the right.

In the present case the defendants died at very nearly the same time — the defendant Palmer, on the 10th of May, 1874, and the defendant Campbell, on the 5th of June, 1874.    Letters testamentary were issued to the executors of Palmer in June, 1874, and to the executor of Campbell in the same month.    The motion to revive was first made in or about March, 1879, and denied, with leave to renew on explaining the laches.    It was renewed and again denied in September, 1879.    From the last order this appeal is taken.    If the case

falls within the provisions of section 757, this delay is manifestly insufficient, under the authorities cited, to bar the right of the plaintiff to revive the action.

The respondents' counsel, however, urges further grounds, in addition to that of laches, for sustaining the denial of the motion.

He contends that section 757 applies only to the case of the death of a *sole* plaintiff or *sole* defendant, and not to the case of the death of all of several plaintiffs or defendants, and that the case is not covered by that section. We think it would be placing too restricted a construction upon the section to limit it to an action originally brought by a single plaintiff or against a single defendant, and that no relief could be afforded under it when all of several parties on one side of the litigation died. If all of several defendants but one, had died, and the right of action had survived against that one, he would then have become the sole defendant, and we think that, upon his death, a motion under section 757 could be resorted to for the purpose of reviving the action against his representatives. But such is not this case. The principal party defendant was Palmer; the relief was sought against him, and was to declare that land, the legal title to which was apparently vested in him, was in fact held by him in trust for Campbell and Moody, and was subject to the lien of a judgment against them, and the motion was to revive against his executors, as well as against the executors of Campbell, and also of Moody who had died before the commencement of the action; now, Palmer, when he died, was not a sole defendant; he was one of two defendants, and the other survived him. It is only to the case of a *sole* defendant that section 757 applies, and the action can be continued under that section only against the representative or successor in interest of such sole defendant. Furthermore there is nothing to show that Palmer's executors are his successors in interest in this litigation. It does not appear that he devised the land in question to his executors, or that they have any interest in it. On the contrary, he conveyed it

away after the commencement of the action and before his death. Neither does the subsequent death of Campbell, the remaining defendant, give any right of revivor under section 757 against the representatives of Palmer. At most it could only authorize a revivor against the representatives of Campbell, which would be of no avail as he was but a nominal defendant. The provisions of section 757 are insufficient to cover a case like this, and many others that may arise. But on the papers before us no right has been shown to revive, in any form, against the executors of Palmer.

This conclusion renders it unnecessary to pass upon the effect of the denial of the first motion as rendering the matter *res judicata*. Treating the second as an original application it was properly denied.

The order should be affirmed, with costs.

All concur.

Order affirmed.