## JOHN HARRINGTON McLACHLIN AND DAVID McLACHLIN, APPELLANTS, *v.* JAMES E. BRETT AND OTHERS, RESPONDENTS.

*Death of all the plaintiffs in an action — when a motion to revive may be made under section* 757 *of the Code of Civil Procedure — Notice of appeal — power of the court to cure errors in the title of it — Code of Civil Procedure, secs.* 723, 724, 1295, 1296, 1300.

This action was brought by a firm, consisting of two members, against the defendants, to recover for lumber sold to them. After issue had been joined the plaintiffs died, one in October, 1876, and the other in July, 1877. In December, 1881, the appellants, claiming to have become the owners of the alleged cause of action, moved to have the action revived and continued in their names as the successors in interest of the deceased plaintiffs.

*Held,* that the motion should have been granted.

In the notice of appeal from the order denying their motion the appellants inserted their names instead of the names of the original plaintiffs. Upon a motion to dismiss the appeal on this ground:

*Held,* that it would seem that, under sections 1295, 1296 and 1300 of the Code of Civil Procedure, the appeal might be properly so taken.

That, if this were not so, the court had power and it was its duty, under sections 723 and 724 of the Code of Civil Procedure, to amend the title by changing it to the original title of the action.

APPEAL by Hugh F. McLachlin and another from an order of the Special Term denying a motion to revive and continue the action, and also a motion to dismiss the said appeal.

The action was brought by John Harrington McLachlin and Daniel McLachlin, the original plaintiffs, residents of Canada, by Magone & Holbrook, their attorneys, in September, 1876, against the defendants to recover the price of lumber alleged to have been sold to them.

The defendants answered the complaint, and issue was thereby joined in March, 1877.

No further proceedings were taken by the plaintiffs in the action. The defendants obtained a change of venue to the county of New York in April, 1877.

On the 24th of October, 1876, John Harrington McLachlin, one of the plaintiffs, died intestate, at Arnprior, Canada, and on the

25th of July, 1877, an administrator of his estate was appointed by the Surrogate's Court of Renfrew, Ontario, Canada; and such administrator qualified and entered upon the said trust.

On the 27th day of July, 1877, Daniel McLachlin, the surviving plaintiff, died intestate, at said Arnprior, and on the 18th of August, 1877, an administrator was appointed by the same Surrogate's Court, and such administrator qualified and entered upon the said trust. Both of the said estates and administrations were settled and closed.

Subsequently, and in December, 1881, one Hugh F. McLachlin and Claude McLachlin, by Edward C. James, Esq., as their attorney, claiming to have become the owners, in their own right and individually, of the alleged cause of action against the defendants, made this motion to revive and continue the action against the defendants, by and in the name of Hugh F. McLachlin and Claude McLachlin, as successors in interest of John Harrington McLachlin and Daniel McLachlin, the plaintiffs, deceased, and that said Edward C. James be substituted as attorney for the plaintiffs in place of said Magone & Holbrook.

*Edward C. James,* for the appellants.

*James W. Howe,* for the respondents.

PER CURIAM:

The motion to dismiss the appeal is based altogether upon the objection that the notice of appeal is entitled in the name of the appellants Hugh F. and Claude McLachlin. Both of the original parties to the action are dead. Hugh F. and Claude McLachlin are shown to have succeeded and become entitled to the ownership of the cause of action, and own the same now as partners carrying on business as the successors of the original plaintiffs. In the body of the notice of appeal it is shown that the appeal is from the order denying the motion that these appellants be substituted. There is no question therefore as to what the appeal is from, nor can there be any that the parties bringing the appeal are the parties aggrieved by the order.

We are inclined to the opinion that under the circumstances

apparent in the case it may properly be taken by the persons named as appellants under the provisions of sections 1295, 1296 and 1300 of the Code, but if for any technical reason this be not so we think we have the power and it is our duty under sections 723 and 724 of the Code to amend the title of the order so as to cure the alleged defect by changing the title to the original title of the action. The motion therefore to dismiss the appeal is denied, without costs.

The construction given to section 757 of the Code by this court in *Coit* v. *Campbell* (20 Hun, 50) was not acceptable to the Court of Appeals; and in the same case (82 N. Y., 509) that court regarded a motion for substitution as the proper remedy in a case where at the commencement of the action there were several defendants, each of whom had successively died, holding, in substance, that the last survivor occupied the position of sole plaintiff within the intention of the section. Under that construction this case comes precisely within the provisions of section 757, and the right to substitute is conferred upon the plaintiffs who show themselves to have become the owners and successors of the plaintiffs of the title to the subject-matter of the action and by due process have purchased from their respective representatives. The motion, therefore, of substitution ought to have been granted. The succession in action was sufficiently established in the case to bring it clearly within the rule governing such applications, and fully satisfied the objection upon which the Court of Appeals seem to have disposed of *Coit* v. *Campbell*.

The order should be reversed and order of substitution granted, but under the circumstances without costs.

Present — Davis, P. J., and Brady, J.

Motion to dismiss appeal denied, without costs. Order reversed and order of substitution granted, without costs.