## MACKEY v. DURYEA.

*(Supreme Court, Special Term, New York County.   January, 1889.)*

1. ABATEMENT AND REVIVAL—SUPPLEMENTAL COMPLAINT—EXECUTORS—ACCOUNTING.
    In an action by a beneficiary under a will against the executors for an accounting, pending a rehearing after an interlocutory judgment directing an accounting, both the executors died. *Held* that, as the cause of action did not survive, in whole or in part, against the beneficiaries defendants, the representatives of the deceased executors became necessary parties, but that they could be brought in only by supplemental complaint and summons, and not by motion. Code Civil Proc. N. Y. §§ 757-760, prescribing the mode of revival against the representative do not apply, as they relate only to actions in which the sole defendant dies, or the cause survives, in whole or in part, against the survivor.

2. SAME—NECESSARY PARTIES.
    A general trustee of the estate, appointed in a special proceeding in place of the deceased executors, is also a necessary party.

On motion to strike cause from the calendar, and postpone the trial until proper parties are brought into the action.

Action by a beneficiary under a will against the executors to obtain an accounting. After an interlocutory judgment had been issued directing the accounting a rehearing was granted, involving some matters covered by the in-

terlocutory judgment. Pending the rehearing both the original plaintiff and the defendants died, and plaintiff's executor procured an order continuing the action in his name as plaintiff, and in the name of the executor of the first accounting executor, H. B. Duryea, and the name of the representative of the other when one should be appointed. In a special proceeding he also procured the appointment of the United States Trust Company as trustee of the estate in place of the deceased executors. On the rehearing one of the beneficiaries defendant moved to strike the cause from the calendar.

*Joshua M. Van Cott*, for plaintiff. *Sherman Evarts*, for a beneficiary defendant.

BARRETT, J. I see no way of avoiding the necessity for a supplemental summons and complaint against the representative of H. B. Duryea. Section 757 of the Code applies only to the case of the death of the sole plaintiff or sole defendant, (*Coit* v. *Campbell*, 82 N. Y. 509,) and I find no other provision for the bringing in of representatives of deceased defendants, generally, on motion. Sections 758 and 759 only apply to cases where the entire cause of action, or part of the cause of action, survives against the survivor of two or more defendants. Section 760 only applies to a case specified in these preceding sections. Here the cause of action has not survived against the other defendants in whole or in part, and it was necessary, notwithstanding these sections, to bring in H. B. Duryea's representatives. Being so necessary, the proper procedure must be taken, and, as no motion in such case is authorized, the plaintiff must resort to a supplemental summons and complaint. The trust company should also be made a party. It was appointed trustee generally under the order of the court, and not of a particular fund. The cause must stand over for these purposes. This is the first time that the subject has received my deliberate consideration, and I confess that the ruling made at the call of the special term calendar was hasty. It is better for the plaintiff, too, in view of the complex nature of this cause, and the great delay which has taken place, to move carefully, and to avoid all doubtful procedure.