### KNOCH *v.* FUNKE.

*(Superior Court of New York City, Special Term. May, 1892.)*

REVIVAL OF ACTIONS—CONDITIONS—SECURITY FOR COSTS.

  Code Civil Proc. § 757, providing that the court "must, upon motion," allow an action to be continued against the executor of a deceased party, does not affect the inherent power of the court to require security for costs as a condition of allowing such continuance.

Application by Minna Knoch to revive an action against the executrix of Louis Funke, Jr., deceased, granted "upon condition that the plaintiff file security for costs." Plaintiff moves to reargue the motion on ground that the condition imposed is unauthorized. Denied.

- *E. Grosse*, for the motion. *Austin Abbott*, opposed.

McADAM, J. The court, upon application of the plaintiff, made an order reviving the action against the executrix of the defendant "upon condition that the plaintiff file security for costs." The plaintiff moves to reargue the motion upon the ground that the condition imposed was unauthorized, and in conflict with the decision of the supreme court in *Sullivan* v. *Sewing Mach. Co.*, 27 Hun., 270; and that this court should follow the rule laid down in that case, or give some reason for not doing so. The Code provision (section 757) that the court "must, upon motion," allow the action to be continued, merely means that in a proper case the relief shall be granted. It does not mean that the court must unconditionally grant every application to revive that is presented. If that were intended, no motion would be required; it would be sufficient to file a suggestion, and go on as at common law. The very object of requiring a motion is to preserve the inherent power of the court, merely simplifying and facilitating the mode of its

exercise. The practice of requiring security for costs (like that of allowing persons to sue *in forma pauperis*) originated in the equitable doctrines of the court of chancery controlling its own process and proceedings for the purpose of doing justice and preventing injustice. It was adopted by the late supreme court of this state by rule 14, January, 1798. In the Revised Statutes (2 Rev. St., 1st Ed., 619, 620) the practice was sanctioned by statute for all the courts, and made more positive by the words "the defendant may require" such plaintiff, etc., to file security. See note of the revisers explaining the statutory adoption of the practice. It was perfectly well settled under the Revised Statutes that the power of the court was not limited by these provisions. *People* v. *Common Pleas*, 18 Wend. 652. The supreme court in equity supplemented the statute by a rule of practice, which forbids even the filing of a bill in a case where defendant would be entitled to security for costs, until security had first been given, unless the suit could be prosecuted by a solicitor, in which case the solicitor should be liable to the amount of $100. See Sup. Ct. Rule No. 2 of 1847. The old equity jurisdiction of the courts was presented by the Code, (section 217,) so that the powers theretofore exercised may be used now. The inherent power of the court, even in actions at law, was equally well established as unrestrained by the statute. In *Swift* v. *Collins*, 1 Denio, 659, which was an action of *assumpsit*, a motion by defendant for security for costs was made (although the plaintiffs resided within the state) on the ground that they were insolvent, and a non-resident claimed to be the owner of the demand. Defendant's counsel claimed that the case was within the equity of the statute. Plaintiff's counsel relied on the fact which plaintiff's counsel here relies on, that it was not within the words of the statute. The order was granted. The court, by BEARDSLEY, J., following *People* v. *Common Pleas, supra*, said: "It is not necessary to inquire whether this case is within the words of the statute, for the power to require security for costs is inherent in the court." In this instance the representative of a deceased defendant is involuntarily brought into a litigation by a new proceeding instituted for the purpose, and the estate he represents should be reasonably protected as to costs of defense. Requiring security in an action by or against an executor is purely discretionary, (Code, § 3271; *Tolman* v. *Railroad Co.*, 92 N. Y. 353; *Fish* v. *Wing*, 1 Civil Proc. R. 231;) and security in such cases may be required even pending an appeal, (*Gedney* v. *Purdy*, 47 N. Y. 676; *Gifford* v. *Rising*, 48 Hun, 128; *Bank* v. *Silliman*, 4 Abb. N. C. 224.) The right to continue a suit in equity, under section 757 of the Code, is not absolute and unqualified, but must be determined according to settled equitable considerations. *Coit* v. *Campbell*, 82 N. Y. 509; *Lyon* v. *Park*, 111 N. Y. 350, 18 N. E. Rep. 863; *Hayes* v. *Nourse*, 114 N. Y. 595, 22 N. E. Rep. 40. The court, in the exercise of its equitable jurisdiction, had the power (in reviving the action) to attach the condition that the plaintiff give security. The order was properly made, and the motion for reargument must be denied, with $10 costs.