McAdam, J.
The court upon application of the plaintiff made an order reviving the action against the executrix of the defendant, “ upon condition that the plaintiff file security for costs.” The plaintiff moves to re-argue the motion upon the ground that the condition imposed was unauthorized and in conflict with the decision of the supreme court in Sullivan v. Remington Sewing Machine Co. (27 Hun, 270; S. C., 2 Civ. Pro. R. 68), and that this court should follow the rule laid down in that case, or give some reason for not doing so.
The Code provision (§ 757) that the court “ must upon motion” allow the action to be continued, merely means that in a proper case the relief shall be granted. It does not mean that the court must unconditionally grant every application to revive that is presented. If that were intended no motion would be required, it would be sufficient to file a suggestion and go on as at common law. The very object of requiring a motion is to preserve the inherent power of the court, merely simplifying and facilitating the mode of its exercise.
The practice of requiring security for costs (like that of allowing persons to sue in forma pauperis) originated in the equitable doctrine of the court of chancery controlling its own process and proceedings for the purpose of doing justice and preventing injustice.
It was adopted by the late supreme court of this State by rule 14, January, 1798. In the revised statutes (2 R. S. [1st ed.] 619) the practice was sanctioned by statute for all the courts, and made more positive by the words “ the defendant may require” such plaintiff, etc., ... to file, security. (See note of the revisers explaining the statutory adoption of the practice.)
*243 It was perfectly well settled under the Revised "Statutes that the power of the court was not limited by these provisions (People v. Common Pleas, 18 Wend. 652). The supreme court in equity supplemented the statute by a rule of practice which forbids even the filing of a bill in a case where defendant would be entitled to security for costs, until security had first been given unless the suit should be prosecuted by a solicitor, in which case the solicitor should be liable to the amount of $100 (See S. C. Rule No. 2, of 1847.) The old equity jurisdiction of the courts was preserved by the Code (§ 217), so that the powers theretofore exercised may be used now.*
The inherent power of the court, even in actions at -law, was equally well established as unrestrained by the statute.
In Swift v. Collins (1 Den. 659), which was an action of . assumpsit, a motion by defendant for security for costs was made (although the plaintiffs resided within the State) on the ground that they were insolvent, and a nonresident claimed to be owner of the demand. Defendant’s counsel claimed that the case was within the equity of the statute. Plaintiff’s counsel relied on the fact which plaintiff’s counsel here relies on, that it was slot within the words of the statute. The order was *244 granted. The court, by Beardsley, J., (following People v. Common Pleas, supra) said: “ It is not necessary to. inquire whether this case is within the words of the statute, for the power to require security for costs is. inherent in the court.”
In this instance, the representative of a ¿eceased. defendant is involuntarily brought into a litigation by a new proceeding instituted for the purpose, and the estate he represents should be reasonably protected as to costs of defense. Requiring security in an action by or against an executor is purely discretionary (Code, § 3271; Tolman v. Syracuse, Binghamton & N. Y. R. Co., 92 N. Y. 353; Fish v. Wing, 1 Civ. Pro. R. 231), and security in such cases may be required even pending an appeal (Gedney v. Purdy, 47 N. Y. 676; Gifford v. Rising, 48 Hun, 128; Nat. Ex. Bk. v. Silliman, 4 Abb. N. C. 224). The right to continue a suit in equity under section 757 of the Code, is not absolute and unqualified, but must be determined according to settled equitable considerations. (Coit v. Campbell, 82 N. Y. 509; Lyon v. Park, 111 Id, 350; Hayer v. Nourse, 114 Id. 595). The court in the exercise of its equitable jurisdiction had the power (in reviving the action) to attach the condition that the plaintiff give security.
The order was properly made, and the motion for re-argument must be denied with $10 costs.

 The provision here referred to is as follows:
“§ 217. The general jurisdiction in law and equity, which the supreme court of the State possesses, under the provisions of the Constitution, includes all the jurisdiction which was possessed and exercised by the supreme court of the colony of New York, at .any time, and by the court of chancery in England, on the 4th day of July, 1776 ; with the exceptions, additions, and limitations created and imposed by the Constitution and Laws of the State. Subject to those exceptions and limitations, the supreme court of the State has all the powers and authority of each of those courts, and exercises the same in like manner"
By section 267 the superior city courts have within their terri-¡torial jurisdiction the same powers, etc.