Mr. Justice Morris
delivered the opinion of the Court:
In the argument before us the ground assigned by the court below for the dismissal of the bill has not been urged at all, and we may presume that it has been abandoned. It is certainly untenable. That the assignee of a chose in action may in equity sue in his own name, and that it is not necessary to use the name of the assignor as a party to the suit, is a well settled rule of equity procedure. Story’s Eq. Jur., Sec. 1057. And there is no more reason why he should not be entitled to file a bill of revivor than an original bill in his own name, if his interest has accrued during the pendency of the suit. The right of an assignee to file a bill in equity is not confined to the first assignee or transferee of the right. It belongs to any person who by assignment or transfer becomes entitled to an equitable right. Sarah Utermehle, had she retained the interest of her deceased husband, would undoubtedly have been entitled to file a bill of revivor and supplement in her own name. When she transferred that interest, her assignee became entitled to the same right. Daniell’s Ch. Plead., and Prac., p. 254; Adams Eq., p. 405.
Nor, in our opinion, is the limitation of one year applicable which is prescribed by the Rule No. 118, to which reference has been made. That rule expressly purports to be based upon the act of Assembly of Maryland of 1785, Chap. 80, Sec. 1, and is in terms almost identical with that act, except that the act distinctly applies only to suits at common law, while the rule purports to include likewise suits in equity. ' If this addition in the rule be not the result of inadvertence, and the rule is not to be disregarded in this connection as inconsistent with the rules specially provided- for equity, we must restrict its application to that special subject with which it assumes to deal, the subject of the revival of suits by mere motion, as distinguished from bill of revivor. *303 Rule 48 of the Equity Rules of the Supreme Court of the District of Columbia provides as follows:
“Whenever a suit in equity shall become abated by the death of either party, or by any other event, it may be revived by a bill of revivor, or a bill in the nature of a bill of revivor, as the circumstances of the case may require, filed by the proper parties entitled to revive the same, which bill may be filed in the clerk’s office at any time: and upon suggestion of the facts the process of subpoena shall, as of course, be issued by the clerk, requiring the proper representatives of the other party to appear and show cause, if any they have, why the cause should not be revived. And if no cause be shown at the next rule day, occurring after fourteen days from the time of the service of said process, the suit shall stand revived, as of course.”
This rule is identical with Rule No. 56 of the Rules of Practice in Equity prescribed by the Supreme Court of the United States for the courts of equity of the United States, and both are derived from the practice of the English Court of Chancery. Daniell’s Ch. Plead, and Prac., pp. 1694-1708. Under them, and under the English chancery practice, it has always been held by analogy to the general statute of limitations that a bill of revivor and supplement may properly be filed at any time as a matter of right within the ordinary period of limitations. Story’s Eq. PL, Sec. 831; Hollingshead’s Case, 1 P. Wms., 742 ; Perry v. Jenkins, 1 Mylne & Craig, 122 ; Coit v. Campbell, 82 N. Y., 512.
At the utmost, then, we have two rules upon the same subject — one providing that a cause in equity may be revived upon motion, if the motion is made within one year; and the other providing that any such cause may be revived by bill of revivor, if such bill is filed within three or six years. And as this is a case of bill of revivor, and not of motion, it should not be barred by anything less than the larger period of limitation.
Indeed, we do not understand that, in the argument before us, the appellee seriously contends for the application fio *304 this case of Rule No. 118. The argument on his behalf is mainly directed to the more plausible and more substantial theory of laches; and the claim, which he urges most strenuously, is that by the failure to prosecute the suit for an unconscionable length of time, and by the failure to file .the bill of revivor and supplement until after the lapse of more than three years after the time when the suit became abated, the judgments themselves having in the meantime expired nearly three years before, without any attempt to renew them, the lien was lost, the judgments became barred both in law and in equity, and the suit became inoperative as a Us pendens to affect the right of any subsequent purchaser. For fourteen years, it is said, nothing of practical importance was done in the cause, and the suit was permitted to languish. Utermehle died on April 16, 1889; and yet more than three years were permitted to pass after this without any attempt to revive the suit as to his interest or to press its prosecution. The judgments themselves expired by their own limitation in October, 1889; and it is claimed that when Clephane purchased them from Sarah Utermehle in 1892 she had nothing to assign, as they were dead beyond the power of revival; and her assignment of her interest in the equity suit carried nothing with it.
It appears from the brief which has been filed on behalf of Mason N. Richardson, trustee, who has become substituted in some way as appellee for or with the administrator of Kelly, that on May 13, 1892, assuming that the lien of the suit had been lost, Kelly conveyed to Richardson certain property that had been included in the bill of complaint, in trust to pay some alleged debts. But the agreed statement of facts signed by the parties, which here has taken the place of a record, discloses nothing of this kind; and we have not, therefore, before us any case of contest between the complainants as claimants of a lien under the suit and a subsequent purchaser for value. The controversy is to be determined as though the equitable interest sought to be reached •still remained in Kelly or his légal representatives.
*305 It is conceded, and of course it could not successfully be controverted, that by the filing of a bill in equity to enforce a judgment at common law, and by the issue of process thereon, a lien is obtained by the complainant upon the property specifically and sufficiently described in the bill and sought to be reached by it; and this equitable lien continues until the suit is disposed of by decree, dismissal, •abatement or otherwise. Miller v. Sherry, 2 Wall., 237; Freedman's Savings and Trust Co. v. Earle, 110 U. S., 710. The idea cannot be entertained for a moment that the lien so acquired can be affected in any way by the expiration of the lien of the judgment at common law, by lapse of time, that would make the judgment unavailable at law, by failure to renew the judgment through the process of scire facias or by any other circumstance whatever having no direct relation to the suit in equity. If this were not so, all that a judgment debtor would have to do in any case to defeat the judgment against him, would be to cover up his property, and then indefinitely prolong the contest when a suit in equity is instituted against him. Neither can laches in the prosecution of the suit in equity be held to affect the lien. It is equally in the power of the defendant as in that of the complainant to expedite a suit in equity, and in the present instance it was competent for the defendant Kelly, at any time during the fourteen years of delay, of which complaint is now made, to bring the cause to a hearing and to have the question of the lien upon his property determined. If there were laches on the part of the complainants, he concurred and co-operated in those laches; and .he cannot now assign as injury that action or inaction in which he had part. In fact, it is quite apparent that both parties rather preferred the delay; and that the result of such delay was beneficial to both in the enhancement of the value of the property sought to be subjected to the satisfaction of the lien. Both parties have proceeded under the theory that there was an abatement of the suit by the death of Utermehle; and the main contention of the appellee is that this abatement became final and *306 conclusive, and that the suit became absolutely at an end, by the failure to have it revived by bill of revivor within three years after the date of the issue of letters testamentary on the estate of Utermehle. But this argument proceeds upon an entirely erroneous assumption. The suit was never at any time abated as to Young. He was always competent to prosecute it, with or without his co-complainant. If the interest of the two complainants in the prosecution of the suit should be regarded as joint, then undoubtedly it survived in its entirety to the survivor. If, on the contrary, the interests of the two should be regarded as several, and the joinder was merely for convenience and to obviate a multiplicity of suits, which is the ground upon which joinder of different creditors in such suits has been sustained, there is absolutely no reason whatever why the death of one of the parties should in any manner affect the right of the other to prosecute the suit.
Says Daniell, in his Treatise on Chancery Pleadings and Practice, p. 1699: “If a surviving party can sustain the suit, as in the case of several creditors, plaintiffs on behalf of themselves and other creditors, no bill of revivor is necessary, because the representatives of the deceased plaintiff can come in under the decree. It is to be observed, however, that although in such case no revivor is necessary, yet if one of the original plaintiffs in such a suit dies after the decree, his personal representative may, if he thinks proper, revive the suit.”
We conclude that there was no abatement of the suit in this case, and that consequently no bill of revivor was necessary. On this ground alone, which leaves the complainants free to proceed with the cause, can the demurrer interposed by the defendant Kelly be sustained.
Another objection is made on behalf of the appellee which demands our consideration. It is claimed that a decree rendered in the cause on May 15, 1885, was a final decree which ended the cause and precluded any further adjudication of it. That decree was simply an order permitting the trustees *307 in one of the numerous deeds of trust mentioned in the bill of complaint to make sale under the provisions of the deed of the property therein mentioned, and requiring them to bring the proceeds of their sale into court. It did not purport to dispose of any of the numerous other pieces of property included in the bill, nor to dispose of the suit, nor to adjudicate any of the issues between the parties. This is not, in any proper sense of the term, a final decree. It is no more than a mere interlocutory order; and it is evident that it was so understood by the court, and so intended by the parties. The question as to what constitutes a final decree in equity has been the subject of frequent judicial investigations; and we look in vain through the authorities for anything that would justify us in attributing the element of finality to this decree in any such sense and for any such purpose as is now claimed on behalf of the appellee.
As we are of opinion that the cause was not abated by the death of George W. Utermehle, and that no bill of revivor was necessary, we are compelled, for that reason and for that reason alone, to regard the decision of the court below in sustaining the demurrer to the bill of revivor as correct. But the inference to be drawn from this is directly the reverse of that which would result from the reasoning of the court below, and from an affirmance of its decision by us without modification. The complainant will have the right to proceed with the cause, and to prosecute it to a final decree, as they may be advised; and the modification which we make of the decree is that the demurrer should be sustained and the bill of revivor and supplement dismissed, without prejudice to their right so to do.

And, accordingly, the cause will be remanded to the court below, with direction so to modify the decree, and for such further proceedings according to law, not inconsistent with this opinion. Under the circumstances of this cause, each party will pay his own costs on the appeal.