DAVID BRODSKY, Respondent, v. ELIAS BERNSTEIN and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

MAE C. BROWN, Respondent, v. BERNARD McCORMICK, Appellant.— Order denying defendant's motion for change of venue affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

CARNER BROTHERS, INC., and JACOB CARNER, Respondents, v. JULIUS STEINBERG and GRABERG REALTY CORPORATION, Appellants.— Judgment modified by dismissing the complaint in so far as plaintiff Jacob Carner is concerned, and by increasing the money damages awarded plaintiff Carner Brothers, Inc., by the sum of $5,240, the amount of damages awarded plaintiff Jacob Carner, with interest. As so modified the judgment is unanimously affirmed, without costs. It affirmatively appears that the contract made by plaintiff Jacob Carner with defendant Julius Steinberg was assigned by Jacob Carner to Carner Brothers, Inc. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Kapper, Rich, Hagarty, Carswell and Scudder, JJ. Settle order on notice.

ANNA COGHLAN, as a Stockholder of COGHLAN & SHUTTLEWORTH, INC., for Herself and All Others Similarly Interested, Appellant, v. COGHLAN & SHUTTLEWORTH, INC., and GEORGE L. SHUTTLEWORTH, Respondents.— Order denying motion to strike out the defense set forth in the 4th paragraph of the amended answer, and the partial defenses contained in the 5th and 6th paragraphs of said amended answer, modified by striking out the defense contained in the said 4th paragraph, and as so modified, order affirmed, without costs. The defense of laches is not available in equity in an action brought within the time limited by the Statute of Limitations, by a stockholder suing on behalf of his corporation against an offending director for an accounting of corporate moneys. (Coit v. Campbell, 82 N. Y. 509, 514; Pollitz v. Wabash R. R. Co., 207 id. 113, 130.) We regard the partial defenses as relating solely to so much of the complaint as alleges a failure to hold corporate meetings or an irregularity in connection therewith in so far as concerns the election of directors. We do not decide at this time that the remedy afforded by sections 29–32 of the General Corporation Law* is exclusive. That question may not be essential to a determination of the plaintiff's rights, and her allegations in respect thereto may simply be evidentiary on the question of the director's alleged wrongful acts. We leave that proposition open for determination upon the trial. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

JULIUS COHEN, an Infant, by ISADORE COHEN, His Guardian ad Litem, Appellant, v. DUGROSA REALTY Co., INC., Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

* See Laws of 1923, chap. 732, amdg. § 31. See Gen. Corp. Law of 1929, §§ 22–25, effective Oct. 1, 1929. See Laws of 1929, chap. 650, §§ 2, 3.—[REP.