## Lashley v. King et al.

PRACTICE.—Where some relief is sought by way of motion, pending the cause, the same fullness and particularity are not necessary, which would be required in an original complaint.

It is not error for a Court to refuse to vacate an order at the request of a party who had notice and appeared to the motion upon which such order was made, and failed to set up his defence thereto.

APPEAL from the *Wayne* Circuit Court.

WORDEN, J.—The appellees made the following written motion in the Court below: "*Claiborn T. Wilson* and *William King*, move the Court to order and direct *Alfred Lashley* to pay into the Clerk's office of this Court, for the use of the creditors of *Mary Thorpe*, deceased, or to *J. B. Julian*, their attorney, the sum of 287 dollars and 55 cents, together with the interest thereon; the same being the money in his hands and held subject to the order of this Court, as per entry on pages 18 and 19 of order book R., in the case of *Claiborne T. Wilson* against said *Lashley*, in said Court, said entry being dated *February* 21st, 1861."

The record of the case of *Wilson* v. *Lashley*, is not before us. We have nothing but the decree in the case, and can gather from that only an indistinct idea of the nature of the case. The decree, after setting out the various findings of the Court, directs *Lashley* to pay into Court certain moneys for the use of parties named, leaving in his hands, as part of the matter then in controversy, the further sum of 287 dollars and 55 cents, which last named sum was left in his hands subject to the future order of the Court.

The motion herein was made at the fall term, 1862.

*Lashley* appeared to the motion, and, without objection, evidence was heard by the Court, and it was ordered that he pay over, in accordance with the motion, the sum of 242 dol-

Lashley *v.* King et al.

lars, of the moneys thus in his hands subject to the order of the Court.

Afterwards, *Lashley* moved to vacate the order and grant a rehearing, offering to prove certain facts which he claimed exonerated him from liability to pay as moved for. This motion was overruled.

We do not think the Court erred in overruling the motion to vacate and set aside the order which it had made for the payment of the money. *Lashley*, as has been seen, appeared to the motion and the matter was heard and decided on the evidence, which is not set out; and he alleges no surprise or other ground for setting aside the order.

The ground on which the Court below placed its ruling was that *Lashley* was concluded by the original decree from setting up the matters which he offered to prove; and as the original complaint and pleadings are not before us, and as from the decree, we can not tell precisely what was in issue, we can by no means say that the Court erred in this respect; we must presume in favor of the ruling.

Again it is urged that there was no sufficient complaint. If this were an original suit, and a complaint therefore necessary, perhaps the written motion would be insufficient as a complaint. This was a mere motion in a cause that was not finally disposed of. No complaint, properly speaking, was necessary. As a motion, the writing filed was sufficient, especially as no objection was made to it in the Court below.

*Per Curiam.*—The judgment below is affirmed, with costs.

*M. Wilson*, for the appellant.

*Jacob B.* and *John F. Julian*, for the appellees.