WILLIAM G. NICOLL, as Receiver, etc., Respondent, *v.* GEORGE M. BOYD et al., Appellants.

THE SAME, Respondent, *v.* LEVI P. MORTON et al., Appellants.

THE SAME, Respondent, *v.* ADAM RUTHS, Appellant.

THE ATLANTIC BANK IN THE CITY OF BROOKLYN *v.* PETER POILLON et al.

In a creditor's suit instituted in the late Court of Chancery in 1840, a receiver was appointed of the property of the judgment debtors, who duly qualified. P., one of the judgment debtors, executed to the receiver an assignment of all his property. Soon after the receiver died. In 1876 and after the death of the judgment debtors, an *ex parte* order was granted appointing N. as receiver in place of the deceased receiver. N. brought suit against various persons to recover real estate owned by P. at the time of such assignment. The defendants in said actions thereupon moved to set aside the order appointing N., which motion was denied. *Held,* that on the death of the first receiver the title of the property vested in the court; that although upon the deaths of the judgment debtors the creditor's suit abated, the functions of the receiver continued, and it was competent for the court to appoint a new receiver to fulfill the duties left incomplete by his predecessor; that it was not necessary to serve notice of the application for such appointment upon the defendants in the suits so brought by him; and that whether the irregularity of proceedings in

disregard of the death of the judgment debtors should be overlooked was, under the circumstances, in the discretion of the court, and its exercise was not the subject of review here.

It was objected, that at the time of the appointment of N. twenty years had run against the judgment; *held*, that even if the objection was not one altogether personal to the debtor, it presented a question which the court below could not be required to determine on motion, and which was not presented on appeal from its order.

(Argued November 28, 1882 ; decided December 12, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 4, 1881, which affirmed an order of Special Term, denying a motion on behalf of the defendants in the three actions first above entitled, to set aside the appointment of the plaintiff therein as receiver.

In the year 1840 the suit lastly above entitled, which was a creditor's suit, was instituted in the late Court of Chancery for the purpose of reaching the property and equitable interests of the defendants therein, and appropriating the same to the payment of the judgment. The bill of complaint was in the ordinary form of a creditor's bill, as that was sanctioned by the then existing practice, and the action in which it was filed was so far prosecuted to a determination as to result in the appointment of a receiver of the property and equitable interests of the defendant Poillon, and an assignment by him of the same to the receiver, executed on or about the 1st of December, 1840. Shortly after receiving the assignment the receiver died, and before the appointment of the present receiver, both the defendants in the creditor's suit also departed this life. The case remained in that condition until the 27th of October, 1876, when an *ex parte* order was made at chambers appointing the plaintiff in the three actions first entitled receiver of the property and interests so assigned by the judgment debtor. He gave the security required by the order, and then brought said three actions for the recovery of real property claimed to have been owned by the judgment debtor Poillon at the time when he made the assignment to the receiver appointed

in the chancery suit. These actions were commenced in the year 1877; the defendants appeared and answered therein. After that, and in April, 1881, the motion to set aside the plaintiff's appointment was made.

*Ch. Francis Stone* for appellants. In the actions brought by the receiver, the defendants cannot controvert the validity of his appointment, and the proceedings resulting in his appointment are conclusive against them. (*Bangs* v. *Duckinfield,* 18 N. Y. 592.) The death of the defendant Poillon before decree abated the chancery suit, and rendered the order appointing a new receiver before a revival irregular and improvident. (2 R. S., § 108, part 3, chap. 1, tit. 2; 2 R. S. [2d ed.] 112, § 108; Rev. Notes, 3 R. S. [3d ed.] 672. *Washington Ins. Co.* v. *Slee,* 2 Paige, 365; *Requa* v. *Holmes,* 16 N. Y. 198, 199; 2 Barb. Ch. Pr. [2d ed.] 332, 697; *Keene* v. *La Farge,* 15 How. 378; Old Code, §§ 121, 459.) The judgment of 1840, which is the sole ground for this receivership, was conclusively deemed to be satisfied when the order appointing the new receiver was applied for and granted, the judgment debtor being dead, and his representatives not being before the court. (2 R. S. 301, § 47 [Edmonds' ed.]; 3 id. [6th ed.]; *Fiske* v. *Mayor of New York,* 67 N. Y. 79; *Morey* v. *Farmers' Loan and Trust Co.,* 14 id. 362; *Malloy* v. *Vanderbilt,* 4 Abb. N. C. 132.) The assignment to a receiver in a judgment creditor's bill is of the nature of a mortgage, and when the debt is conclusively presumed to be paid the assignment has no further force, and the property revests in the debtor without any reassignment. (*Anderson* v. *Treadwell,* Edm. Sel. Cas. 201; High on Receivers [1st ed.], § 446.) When the new receiver was appointed in 1876, there was no fund in court over which the court had jurisdiction. (Laws of 1875, chap. 545; *Chatauqua Co. Bank* v. *Risley,* 19 N. Y. 374; *Grant* v. *Duane,* 9 Johns. 613.)

*Lucas L. Van Allen* for respondent. This is not one of the cases provided for by section 190 of the Code of Civil Proced-

ure, and consequently is not appealable to this court. (*Connolly* v. *Kretz,* 78 N. Y. 620 ; *Foote* v. *Lathrop,* 41 id. 358 ; *Schaettler* v. *Gardiner,* 47 id. 404 ; *Swarthout* v. *Curtis,* 4 id. 415 ; *Jones* v. *Jones,* 21 Alb. L. J. 374 ; *In re Robinson,* 37 N. Y. 261.)   The regularity of the appointment of a receiver cannot be questioned by any third party, or in any collateral proceeding. (*Tyler* v. *Willis,* 33 Barb. 327 ; *S. C., sub. nom. Tyler* v. *Whitney,* 12 Abb. Pr. 465 ; *Underwood* v. *Sutcliffe,* 10 Hun, 405 ; *Banks* y. *Duckinfield,* 8 N. Y. 592 ; *Whittlesey* v. *Frantz,* 74 id. 461 ; *In re Robinson,* 37 id. 261.)   The action did not abate by the death of Poillon.  It was at most merely suspended. (2 Daniels' Ch. Pr. [5th ed.] 1544 ; Code of Procedure, § 121 ; Code of Civil Procedure, § 755.)   A stranger to the suit has no right to interfere with the proceedings therein, without making himself a party. (*Watt* v. *Crawford,* 11 Paige, 471 ; *Kelly* v. *Israel,* id. 147.)   A sale of the premises under decree entered before a party's death may, after that event, be made, and the purchaser at the sale may move for a writ of assistance without a revivor of the action. (*Lynde* v. *O'Donnell,* 21 How. Pr. 34 ; *Cazet* v. *Hubbell,* 36 N. Y. 677 ; *Hogan* v. *Hoyt,* 37 id. 300 ; 2 Daniel's Ch. Pr. [5th ed.] 1543 ; 2 Barb. Ch. Pr. [4th ed.] 677 ; *Hays* v. *Thomas,* 56 N. Y. 521.)   Proceedings to preserve the property involved in a litigation are not suspended by the death of a party thereto. (2 Barb. Ch. Pr. [4th ed.] 677 ; High on Receivers, 535.)   On a motion to substitute one person for another as receiver, the regularity of the original appointment cannot be inquired into. (*Fassett* v. *Tallmage,* 13 Abb. Pr. 12.)   *Laches* is a valid reason for refusing leave to revive the action. (*Beach* v. *Reynolds,* 53 N. Y. 3.)

DANFORTH, J.   We think this appeal should be dismissed. The death of the judgment debtors occurred after the appointment of the receiver.   They had gone so far as to execute the usual assignment of their property to him.   It, therefore, was, upon the death of the first receiver, vested in the court, for his possession was its possession, and he was merely its agent or

representative. The suits in question were begun by the new receiver under the authority of the court, for the purpose of getting in the state of the judgment debtors, and although upon their death the creditor's suit abated, the functions of the receiver continued, and upon his death devolved upon the court. It was competent, therefore, to appoint the plaintiff to carry the suits on to their completion, and in other respects fulfill the duties which the first receiver left incomplete.

Nor was it necessary that the defendants in those suits should have notice of proceedings for the appointment of the successor to the first receiver, for as the vice-chancellor in *Attorney-General* v. *Day* (2 Maddock's Ch. 246) declared: " There is no color for saying that strangers can, in such case, come in before the *master* — it would lead to indefinite importunity." It is not for the defendants, therefore, in this action to complain that the appointment was not according to the regular course of the court, and whether the irregularity of proceeding, in disregard of the death of the judgment debtors, should be overlooked, was, under the circumstances of this case, entirely within the discretion of the Supreme Court, and its exercise is not the subject of review here. (*In re Robinson*, 37 N. Y. 261.) In case the actions are successful and a question arises as to the application of their fruits, it may be necessary to revive the suit against the representatives of the judgment debtors, but no proceeding in that suit is at present necessary, and the cases of *Washington Ins. Co.* v. *Slee* (2 Paige, 365), and *Requa* v. *Holmes* (16 N. Y. 193), cited by the appellant, have no application. The representatives of the judgment debtor have no interest in these actions adverse to the receiver, for as we have seen, his title accrued prior to the death of the debtors, and by conveyance from them.

It is also objected that at the time of the appointment of the last receiver, twenty years had run against the judgment which the creditor sought to enforce. If there is any thing in this, if the objection is not one altogether personal to the debtor, it presents a question which the court below could not be re-

quired to answer on motion, and which, however disposed of by that court, is beyond the reach of an appellate tribunal.

It follows that the appeal should be dismissed.

All concur, except TRACY, J., absent.

Appeal dismissed.