Smith *v.* Harris.

Filed Dec. 12, 1893.

———◆———

No. 16,522.

SMITH *v.* HARRIS.

|135  621|<br>|152  285|

RECEIVER.—*Death of.*—*Duty to Appoint Another.*—*Partnership.*—*Settle-
ment of.*—Where, upon application and satisfactory showing, a court
has decreed a final settlement of a partnership, and appointed a re-
ceiver to take charge of the partnership assets and execute the or-
ders of the court, and, before final settlement of the partnership,
the receiver dies, it is the duty of the court, of its own motion, or on
motion of a party, to appoint another receiver, or to vacate the or-
der of the court appointing the receiver; for, by a refusal to appoint
another receiver, or to vacate the order, the court still has posses-
sion of the assets of the firm, but refuses to carry out the purpose
for which the possession was assumed.

MASTER COMMISSIONER.—*Report of.*—*Conclusions.*—*Finding of Facts.*—
Mere conclusions in the report of a master commissioner, in a case
referred to him for a finding of facts, have no controlling force.

PRACTICE.—*Right to File Papers in a Cause.*—*Motion to Set Aside Judg-
ment.*—It is a rule of practice that so long as a cause is pending in
court, any party has a right to present and file in such cause any

paper that, upon its face, shows that it is connected therewith, and is of such character that the court could properly take action thereon and afford to the party any relief; and, under this rule, comes a motion to set aside an erroneous judgment, it being the duty of the court to hear and pass upon the same, to enable the party to have all his exceptions presented to the appellate tribunal.

From the Knox Circuit Court.

*W. H. De Wolf, J. S. Pritchett* and *H. Burns,* for appellant.

*G. G. Reily, J. W. Emison, W. A. Cullop* and *C. B. Kessinger,* for appellee.

DAILEY, J.—This action was commenced by the appellant against the appellee for the purpose of obtaining an accounting and settlement of the business of a copartnership that had existed between the parties. The material facts set forth in the complaint are, that in the year 1881, the appellant and appellee entered into a partnership for the purpose of practicing medicine and surgery, each to share equally in the receipts, expenses, profits and losses of the business, and that such business was carried on until April 5, 1885, when such partnership was dissolved by mutual consent of the parties, and during such time the business transacted by such firm amounted to about $25,000, and that most of the claims made in favor of such firm have been collected; that on the 12th day of September, 1886, the parties again entered into a partnership for a like purpose, and upon the same terms and conditions, which partnership continued until the 13th day of February, 1888, when it was dissolved by mutual consent of the parties, and that during said last partnership, business was transacted to the amount of $15,000; that all the debts incurred by each of such partnerships have been paid, and that most of the claims due to such partnerships have been collected. It is further charged that the appellee, during

the continuance of such partnerships, and after the dissolution thereof, collected and appropriated to his own use the sum of about two thousand dollars over and above his share of the proceeds of such business, according to the terms and conditions of such partnerships; and that the appellee has refused, and still refuses, upon demand, to have an accounting and settlement of such partnership accounts, and to pay to the appellant the amount due to him from the appellee on account of his having received more than his share of such proceeds. The appellant demands that an accounting be had, and the amount due him from the appellee ascertained and adjusted, and on a final hearing that appellant may have judgment against the appellee for the amount that may be found due to the appellant, and also for general relief.

The appellee filed his answer, in three paragraphs. The first paragraph is a general denial. The second paragraph sets up that the partnership entered into between the parties was only a special and limited one, and that it was only in cases where both of the parties rendered service to the same person that the compensation received therefor was to be partnership funds and divided equally between them, and where only one of the partners should render service, the amount received therefor was to belong solely to the party rendering the service. The third paragraph of such answer is a plea of payment.

To the second and third paragraphs of this answer the appellant filed a reply of general denial. The appellee afterwards filed a fourth paragraph of answer. In this paragraph, the appellee alleges that he furnished, for the use of the firm, during such partnership, an extra horse, and asks an allowance for the value of the services thereof and feed furnished for the same. The appellant re-

plied to this paragraph by a general denial. The issues thus formed were, by the court, on its own motion, referred to a master commissioner to "hear the evidence, determine the facts, and report the same to the court." After hearing the evidence, the master commissioner made his report to the court. On the filing of such report, the appellant filed his motion and moved the court to remand the same to the master commissioner with directions to report upon facts claimed to have been omitted therefrom. The appellant, pending such motion, filed an application for the appointment of a receiver in said cause. The appellee then moved the court for judgment in his favor upon the report of such master. Pending these motions, by agreement of the parties, the report of such master was considered as amended, so as to show that the debts of such partnership had been paid before the bringing of this suit. The court then overruled the motion of appellant to remand the report of such master to him for a further report, to which decision the appellant excepted. The plaintiff (appellant) then filed exceptions to the report of such master. The appellant also moved the court for judgment in his favor on the report of the master. The exceptions of appellant filed to the report of the master were overruled by the court, to which decision the appellant excepted, and filed his bill of exceptions. The appellee then entered his appearance to the application of appellant for the appointment of a receiver. Thereupon the court entered a judgment and decree that appellee had collected of the firm assets, or proceeds of the business of such partnership, $1,155.21 more than his share, and that it would require that sum to be paid to the appellant to render the parties equal; that there was then in the hands of appellant $1,278.02 of solvent claims belonging to the firm,

Smith *v.* Harris.

out of which the plaintiff was entitled to the sum of $1,-155.21.   The court then sustained the application of appellant for the appointment of a receiver, and appointed John C. Adams as receiver to take charge of the assets of the partnership, collect the same, and pay out the same on the order of the court, and directed that such receiver give bond in the sum of $1,500.   The court then overruled the motion of the appellee for judgment in his favor on the report of the master.   The receiver so appointed by the court filed his bond and oath as such. The proceedings had by the court, above referred to, as to the report of such master, and the appointment of a receiver, were had on the 23d day of September, 1891, and the bond and oath of such receiver were filed on the 24th of said month.

On January 25th, 1892, it was suggested to the court that John C. Adams, who had been appointed receiver in the cause, was dead, and the appellant moved the court for the appointment of another receiver in his stead.   Such receiver had been appointed by Hon. G. W. Buff, who was acting in the capacity of special judge in the cause at that time, and the application for a new receiver to succeed said Adams was made to John T. Goodman, Esq., who had been subsequently appointed as special judge in said cause, and before whom all subsequent proceedings in the cause were had.

The appellee objected to the appointment of a new receiver, and over the objection of the appellant filed an affidavit setting out his grounds of objection.   The court overruled the application of appellant for the appointment of a receiver in place of said Adams, deceased, and the appellant excepted.   The appellee then moved the court for judgment in his favor on the report of the master.

On February 15th, 1892, the court sustained the motion of appellee for judgment, and entered a judgment against the appellant that he take nothing by his suit, and that appellee recover of appellant his cost and charges laid out and expended, to which decision the appellant excepted. The appellant then filed a motion for a new trial.

On March 8th, 1892, appellant presented to the court and offered to file in said cause a motion to vacate and set aside the judgment entered on the 15th of February, 1892, and also a written application for the appointment of a receiver, in the place of the former receiver, and four additional reasons for a new trial; to the filing of which motion, application, and reasons the appellee objected.

On March 10th, 1892, the court refused and declined to allow and permit the appellant to file in said cause such motion to vacate the judgment, the application for the appointment of a receiver, and additional reasons for a new trial.

The court overruled the motion of the appellant for a new trial, to which decision the appellant excepted, and prayed an appeal to this court.

The appellant has assigned errors as follows:

1. The refusal of the court to remand the report of the master to him for a further report.

2. The overruling of the exceptions of appellant to the report of the master commissioner.

3. The refusal of the court to appoint a receiver in the place of John C. Adams, deceased, former receiver in said cause.

4. The action of the court in entering judgment against appellant that he take nothing by his suit, and that appellee recover of appellant his costs and charges laid out and expended.

Smith *v.* Harris.

5. The refusal of the court to allow and permit appellant to file a motion to vacate the judgment entered against him.

6. The refusal of the court below to allow and permit appellant to file a written application for the appointment of a receiver in the place of John C. Adams, former receiver.

7. The refusal of the court to allow and permit appellant to file additional reasons for a new trial.

8. The action of the court in overruling the motion for a new trial.

The first and second specifications of error may properly be considered together. Stripped of surplus matter and mere conclusions, the report of the master commissioner, to the court, finds substantially the following facts: That plaintiff and defendant entered into a partnership for the general practice of medicine and surgery in the city of Vincennes and vicinity, about the first of July, 1881, and remained therein until April, 1885, when it was dissolved; that said partnership was renewed in September, 1886, and continued until January, 1888; that, by its terms, each member was to share equally in the collections and expenses of the partnership, and each was to collect for the service he performed. In case moneys were collected by either for services performed by the other, the moneys so collected were to be turned over to the member who did the work. If, at any time, any member should not have collected an amount equal to the one-half of the whole sum collected by both members, after deducting all necessary expenses connected therewith, then such member should take, as so much cash, his choice of the notes, accounts or other outstanding collections due the partnership, to an amount equal to the difference between the sum collected by him and the amount due him from the entire amount collected by

both members of the firm. Said partnership was to be dissolved at any time, at the option of either member, or by agreement of the members thereof; the assets, at the dissolution, were to be divided equally between them, after the member who was short in the amount of the collections had been made equal to the other; but, when such division should be made, all notes or accounts taken or accepted by either member were to be received as so much cash, in settlement, whether they proved insolvent and worthless or not. If any member should have collected more than his share of all the notes, accounts and other evidences of indebtedness, then he should account to the other member for the sum due him; that the partnership was not entered into for any specific or limited time. No settlement was demanded by either member in the interim between the first and second periods of such partnership, and none was ever had; that plaintiff had possession of the books, notes, accounts and other evidences of indebtedness due said firm during said interim, and, since the final dissolution, the plaintiff has had possession of the same up to the present time, with the exception of about four weeks, when the defendant had the same for inspection and making entries that he had omitted to make before the dissolution; that no settlement of such partnership has ever been made, and no specific demand for settlement has ever been made, but both have expressed to each other a willingness to settle since the dissolution; that the total amount of services by both members of the firm, as shown by the books and other evidence, is $39,-598.04, of which the plaintiff collected $16,853.33; the defendant collected $18,731.16, making the total collected, $35,584.99, leaving balance uncollected, $4,-003.05. Plaintiff paid, for expenses of the firm, $2,-069.73, and defendant paid, for expenses, $1,636.66,

leaving a difference in favor of plaintiff of $433.07. His one-half would be $216.53½. Difference between the amounts collected by plaintiff and defendant is $1,877.33. Plaintiff's one-half would be $938.66½. Add to this the one-half due plaintiff for expenditures, makes $1,155.21, and that there are of good collections in the hands of the plaintiff $1,278.05.

According to the above facts found by the commissioner, it was clearly shown that there was due the appellant, from the appellee, the sum of $1,155.21. The reference to the commissioner was only to find the facts, and report the same to the court; yet, in ending his report, he says: "There is nothing due the plaintiff on his complaint."

After having specifically found that there were $4,003.05 of uncollected claims of the partnership, and that plaintiff was entitled to $1,155.21 to equalize him with the defendant, the finding that "there is nothing due the plaintiff" is subject to the objection that it is a mere conclusion.

The finding that "there are now of good collections in the hands of the plaintiff, as shown by the evidence, $1,278.05," is not equivalent to a finding that the plaintiff took or accepted these claims to make him equal with the defendant. Eliminating these conclusions, we think the master's finding and report plain enough to warrant the relief asked for in the complaint.

Under the third assignment of error the appellant contends that the action of the court in refusing to appoint a receiver to succeed the former receiver, who had died, was erroneous.

We concur in that opinion. When the court appointed Adams as receiver in the cause, and such receiver qualified by filing his bond and oath, the assets belonging to the partnership were then taken possession of by the

court, and the parties were dispossessed of the same, and no longer had any right of possession or control thereof. *Ohio, etc., R. R. Co.* v. *Davis*, 23 Ind. 553; *Knode* v. *Baldridge*, 73 Ind. 54; *Angel* v. *Smith*, 9 Ves. 335; *Wiswall* v. *Sampson*, 14 How. (U. S.) 52; High on Receivers (2d ed.), section 4.

If the order appointing Adams as receiver was erroneously made, yet it was effective so long as the order remained in force.  *Cook* v. *Citizens' Nat'l Bank*, 73 Ind. 259; Kerr on Receivers, p. 166.

In *Cook* v. *Citizens' Nat'l Bank, supra*, the court said: "Whether the action of the court in appointing a receiver was according to law, we need not decide. If the appointment was erroneous, it was not void, and can not, in a collateral proceeding, be assailed, even by the parties thereto.  *  *  *  It is immaterial  *  *  * 'that the order appointing a receiver may have been improper or erroneous.  It is not competent for any one to interfere with the possession of a receiver on the ground that the order appointing him ought not to have been made. It is enough that it be a subsisting order.'"

A receiver, and all the funds and property in his hands, are subject to and under the control of the court. *Herrick* v. *Miller, Exec.*, 123 Ind. 304.

The court having assumed the possession of the assets of the partnership by the appointment of Adams as a receiver, on his death it became the duty of the court to appoint a new receiver.

In the case of *Buchanan* v. *Berkshire, etc., Ins. Co.*, 96 Ind. 510 (528), it is said: "On the 19th of February, 1877, the receiver first appointed having died, the court without notice, appointed another in his stead."

At the top of page 534, this court, as to such action, further said:  "This appointment having been properly made, so far as is shown by the record, the whole matter

was in the hands of the court, and, upon the death of the receiver so appointed, it had the authority to appoint a successor without further notice." The death of a receiver does not end the receivership. High on Receivers, section 471a; *Nicoll* v. *Boyd*, 90 N. Y. 516. The court should either have appointed a receiver or vacated the order of the court appointing Adams as receiver. By a refusal to appoint a successor to Adams, the court still retained possession of the assets of the firm, but refused to appoint a receiver to collect the same, and carry out the purpose for which such possession was assumed. The parties had been deprived of the possession and control of such assets, but the court refused to take steps to have such assets collected and properly applied.

The fourth assignment of error calls in question the correctness of the action of the court in entering a judgment in favor of the appellee and against the appellant for costs. It will be observed that upon the report of the matter, on September 23d, 1891, the court decreed that the appellee had collected $1,155.21 more than his share, and that it would require that sum to be paid to the appellant in order to make the parties equal. But on February 15th, 1893, without vacating or setting aside the decree so entered, and although the appellee had received $1,155.21 more than his share, yet the court found that the appellant was not entitled to recover anything, and that he should pay all the costs made in the proceeding. The action of the court in this respect is certainly erroneous. What is the condition of affairs? A suit is pending for the settlement of partnership business. By a report made to a court by an officer appointed by it to ascertain the facts, and enlighten the conscience of the court, it is shown that the appellee has collected claims largely in excess of his share, and the court has decreed that such is the fact and the true condition of the accounts between the par-

ties. The court then, for the purpose of doing justice between the parties, and making final settlement of the partnership affairs on a just basis, assumes the control of the assets of the firm amounting to over $4,000, and puts the same in the charge of an officer of the court and under its control, and then such court, without releasing its control of such assets, determines that the appellant has no rights in the matter, adjudges that he go out of court and pay all the costs of the proceedings, and although the party against whom he brought suit owes him a large sum of money, he is entirely powerless, if this judgment shall stand, to enforce the payment to him of anything due him from the appellee, or due the firm by its debtors. This is not equity. The court having assumed jurisdiction of the cause, and directed an accounting to be had, should have continued to control and exercise jurisdiction over the parties and subject-matter until a final settlement and decree was made and entered. "No personal decree should be rendered until the assets are converted into money, any excess of receipts being chargeable against the receiving party on the final balance." 17 Am. and Eng. Encyc. of Law, p. 1293, subd. 3, and authorities there cited. Also p. 1296, subd. E, and cases cited.

The whole case should be disposed of at one trial. *Smith* v. *Knight*, 77 Iowa, 540.

The condition of the parties is now as unsettled as when the suit was commenced, except the appellant has been adjudged to pay the costs, when he undoubtedly had a right to bring an action to obtain an accounting and settlement; and from the facts found, it is plainly shown that the appellee is indebted to the appellant in a large amount.

The appellant, it seems, was satisfied with the finding of facts proven by the evidence on the trial, except he

was anxious to have them made more specific, but he was objecting to the erroneous judgment entered on the findings.

Appellant offered to file a motion to vacate the judgment entered on February 15th, 1892; also, to file a written application for the appointment of a receiver, and additional reasons for a new trial. The refusal of the court to permit any of these motions or applications to be filed is made the basis of the assignment of errors, numbered 5, 6 and 7.

We think it a correct rule of practice that so long as a cause is pending in court any party has a right to present and file, in such cause, any paper that, upon its face, shows that it is connected therewith, and is of such character that the court could properly take action thereon and afford to the party any relief. It is proper to allow a motion to be filed to set aside an erroneous judgment previously entered, and it is the duty of the court to hear and pass upon the same, to enable him to have all his objections and exceptions presented to this court.

In view of the errors indicated the judgment rendered against the appellant, in the court below, on February 15th, 1892, is reversed and set aside, and the cause is remanded to the circuit court with instructions to appoint a new receiver in said cause, and that such cause shall proceed in said court until it is finally adjusted and the partnership business completely closed up, and that such a decree shall be rendered as will place the parties upon an equal footing as to the proceeds of such partnership business.

Filed Dec. 21, 1893.