Oats v. State.

---

OATS v. THE STATE.

[No. 18,958.    Filed November 14, 1899.]

PRACTICE.—*Record.*—*Correction.*—A paper is considered as filed when it is delivered to the proper officer and by him received for the purpose of filing, and the file mark indorsed thereon is merely evidence of the filing, and may be corrected by the court. *pp. 437, 438.*

APPEAL AND ERROR.—*Record.*—*Bill of Exceptions.*—*Motion to Correct File Mark on Affidavit.*—Available error cannot be predicated upon

the action of the court in changing the file mark on an affidavit, where the motion to have the correction made, the affidavits in support thereof, the ruling of the court thereon, and the exceptions to the ruling were not made a part of the record by bill of exceptions. *p. 438.*

CRIMINAL LAW.—*Evidence.—Variance.—Appeal and Error.*—To warrant a reversal of a judgment of conviction on account of a variance in the evidence, the variance must be such as might have misled the defense, or exposed defendant to the peril of being placed twice in jeopardy for the same offense. *pp. 438, 439.*

*James M. Hatfield* and *G. W. Stults*, for appellant.

*W. L. Taylor*, Attorney-General, *Merrill Moores* and *C. C. Hadley*, for State.

JORDAN, C. J.—Appellant was tried and convicted in the lower court, upon affidavit and information, of an assault and battery with the intent to murder one Israel Kaylor; and, over his motion for a new trial, he was sentenced to be imprisoned in the state prison. The first contention of his counsel is that the court erred in overruling his motion to quash the affidavit and information, for the reason, as contended, that when this latter pleading was filed by the State there was no affidavit on file with the clerk upon which to base the information.

It is disclosed by the record that appellant was originally arrested upon a warrant issued by the mayor of the city of Huntington upon an affidavit charging him with the crime of which he was convicted. After a preliminary examination in the mayor's court, he was recognized to appear before the Huntington Circuit Court to answer to said charge; and it appears that on March 7, 1899, the mayor certified the proceedings had before him in said cause to that court, and delivered on that day the transcript of such proceedings, together with all the papers in the cause, to the clerk thereof. The original affidavit filed before the mayor therefore appears to have been actually deposited with the clerk of the

court on March 7, 1899; and the information, as it is shown, was not filed by the state's attorney until March 11, 1899. It is disclosed, however, by proceedings had in this cause in the lower court, that by some inadvertence this affidavit was indorsed by the clerk as filed in his office on a date subsequent to the filing of the information. After the trial of appellant, it seems that the State made an application to the court, supported by affidavits, to correct the file mark on the affidavit so as to make it speak the truth, by showing that the paper was filed on March 7, 1899, instead of the 24th of that month. This motion the court sustained over the objections and exceptions of appellant, and the affidavit, as it now appears in the record, is shown to have been filed with the clerk on March 7, 1899; and consequently appellant's reasons assigned for quashing the information and affidavit are not sustained by the record. The court's action in causing the file mark on the affidavit to be corrected is assigned and urged as error. Certainly the court was justified in correcting this mistake or inadvertence of its clerk, and thereby causing the file mark on the affidavit to disclose the true day or time when it was delivered to the clerk for filing. A paper is considered as filed when it is delivered to the proper officer, and by him received for the purpose of filing, and the file mark indorsed thereon is merely evidence of the filing. *Powers* v. *State*, 87 Ind. 144.

But even though prejudicial error could be based upon the court's ruling in question, appellant is not in a position to have the action of the court reviewed in this appeal for the reason that neither the motion, the ruling of the court thereon, the exceptions thereto, nor the affidavits in support of such motion have been made a part of the record by a bill of exceptions. *Leverich* v. *State*, 105 Ind. 277; *Meredith* v. *State*, 122 Ind. 514; *Naanes* v. *State*, 143 Ind. 299.

It is next contended that the evidence does not support the verdict of the jury. The evidence clearly shows that appellant committed an unjustifiable assault and battery upon the

Heaston *v.* Board, etc.

prosecuting witness; and, while it is probably true that the missiles employed by him in making the assault are not of such a character as strongly support the felonious intent to commit the homicide charged, still, when the previous threats made by the accused to kill Kaylor, the party assaulted, are considered along with all the other evidence, we are of the opinion that it is sufficient to sustain the judgment, and we would not be justified, under the circumstances, in disturbing it upon the evidence.

It is also insisted that there is variance in the evidence; but we perceive no merit in this contention, as the variance pointed out by counsel can neither be said to be material nor substantial, and a variance, to warrant a reversal of a judgment on appeal to this court, must be a substantial one, such as might mislead the defense, or expose the defendant to the peril of being put twice in jeopardy for the same offense. *Kruger* v. *State*, 135 Ind. 573.

There is no available error in the record in this cause, and the judgment is therefore affirmed.