(59 App. Div. 291.)

## SMITH v. BARNUM et al.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

SUPPLEMENTARY PROCEEDINGS—RECEIVER—DEATH—SUCCESSOR—APPOINTMENT—JURISDICTION.

Code Civ. Proc. § 2471, provides that a receiver appointed in proceedings supplementary to an execution shall be subject to the control of the court out of which the execution issued. A receiver of the property of defendant, a judgment debtor, was appointed by the county judge in supplementary proceedings on two supreme court judgments and one justice's judgment. Subsequently the receiver filed a creditors' bill, under direction of the supreme court, to reach certain assets of defendants. Pending the action, the receiver died. *Held*, that application was properly made to the supreme court for the appointment of a successor, since at the death of the receiver his trust vested in the supreme court, and that court, therefore, had jurisdiction to appoint another agent to represent it in discharging the trust.

Appeal from special term, Kings county.

Action by Frank L. Smith, as receiver of Curtis A. Barnum, against Curtis A. Barnum and others. From an order of the special term of the supreme court appointing Chatfield Leonard as receiver in place of Frank L. Smith, deceased, and substituting such appointee as plaintiff in the action, defendants appeal. Affirmed.

Prior to February 13, 1888, Frank L. Smith was appointed in supplementary proceedings, by the county judge of Otsego county, a receiver of the property of the defendant Curtis A. Barnum. Such proceedings were instituted upon two judgments recovered in the supreme court and upon one recovered in a justice's court of such county. It seems that such receiver duly qualified under such appointment, and thereupon became vested with the property of such judgment debtor. Subsequently the supreme court, on the application of Hooker and McGown, judgment creditors, who had instituted the proceedings, directed such receiver to commence an action against Barnum and others to reach, for the benefit of such creditors, certain property claimed to belong to Barnum, and to be liable for his debts; and on February 13, 1888, such an action was commenced, and the venue laid in Otsego county. Carlton B. Pierce, the attorney for the defendants upon this appeal, had appeared for the said Barnum upon such supplementary proceedings, and opposed the appointment of such receiver, and also appeared for the defendants in such action, and demurred to the complaint therein. Such demurrer was overruled by the special term, but was sustained on appeal to the general term. An appeal was then taken by such receiver directly from the interlocutory judgment made at the general term to the court of appeals. Such appeal was dismissed on the ground that an appeal would not lie from such interlocutory judgment. No further proceedings were had upon either side until October 19, 1900. In the meantime the receiver, Frank L. Smith, had died. On such last-mentioned date a motion was made by said Hooker and McGown, at special term in the supreme court, for an order appointing a receiver to take the place of said Smith, deceased, as plaintiff in this action, and requiring the defendants to enter final judgment against the plaintiff upon the interlocutory judgment of the general term, to the end that the plaintiff might appeal therefrom to the court of appeals. It was stipulated that such motion might be heard in the city of Brooklyn, with the same effect as if made in the Sixth judicial district. Upon the hearing thereof the order asked for was in all respects granted, and Chatfield Leonard, of Cooperstown, was appointed such receiver, and substituted as plaintiff in the action. From so much of the order as directed final judgment to be entered, the defendants do not appeal, but from the remainder thereof this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, and SMITH, JJ.

Carlton B. Pierce, for appellants.
Clarence L. Barber, for respondent.

PARKER, P. J. The appellants claim that the application for a receiver to succeed Frank L. Smith, deceased, should have been made to the county judge of Otsego county, and that he alone has authority to appoint such a successor. They contend that the supreme court is without jurisdiction to do so. And they urge upon us that it was only after the successor had been properly appointed by such county judge that he could be substituted as plaintiff to continue this action. It is true that the appointment of a receiver in proceedings supplementary to execution is a statutory proceeding; and, this matter having been originally instituted before the county judge, he alone could appoint a receiver based upon the proceedings so instituted. But when the receiver so appointed by him had entered upon his duties under such appointment, had become vested with the judgment debtor's property, and, under the direction of the supreme court, had commenced this action to enforce the rights of the creditors at whose instance it had been commenced, I think he became an officer of that court, and upon his death the property which so vested in him became vested in the supreme court. Code, § 2471. Such being the case, that court had jurisdiction to appoint another agent or representative to act for it in the matter of that trust. The case of Nicoll v. Boyd, 90 N. Y. 516, 520, is, I think, authority for this proposition. In principle it presents the same situation that is here presented. There it was held that, though the proceeding in which the receiver had been appointed "had entirely abated, yet the functions of such receiver continued, and upon his death devolved upon the court." Therefore such court had authority to appoint his successor. In this case, although the receiver was appointed by a separate tribunal, yet it seems clear that upon his death his functions devolved upon the supreme court. There was no other tribunal upon which they could devolve, and the title and rights to the debtor's property that had vested in him upon his death must pass to the supreme court equally as in the case above cited. Under such a condition no reason is apparent why such court may not appoint his successor to prosecute the action pending to final judgment. I find nothing in the statutes regulating such proceedings which are in conflict with this conclusion. The judgment debtor had his day in court upon the question as to whether a receiver should be appointed. All his rights in that regard were considered and determined by the county judge when Smith was appointed, and now the only question is as to who shall continue and complete the duty of executing a trust concerning property that has become vested in the supreme court. The supreme court violates no provision of the statutes by assuming to make such an appointment under such circumstances, and I am of the opinion that it had jurisdiction to do so. In this view of the case, the defendant had sufficient notice of the application, and the order appealed from must be affirmed, with $10 costs and disbursements. All concur.