(58 Misc. Rep. 469.)

POOLER v. SAMMET.

(Supreme Court, Special Term, New York County. March, 1908.)

RECEIVERS—TITLE TO PROPERTY—PRESUMPTIONS—LAPSE OF TIME.

    A receiver was appointed on a creditors' bill in 1840, and thereafter died, and in 1876 his successor attempted by deed to convey property conveyed to the original receiver. *Held*, that the trust in the receiver was presumed to have ceased before the execution of the deed by his successor because of the lapse of time.

Action by Louis J. Pooler against Joel Sammet to enforce specific performance. Judgment for defendant.

C. A. Deshon, for plaintiff.

S. Sammet, for defendant.

BLANCHARD, J. This is an action brought by the vendor to enforce specific performance on the part of the vendee of a contract of sale of certain land in 114th street, near Madison avenue, in the borough of Manhattan, New York City.

The defendant contends that the plaintiff has not good title to a triangular gore of the premises referred to in the sale. This gore comprises that portion of the premises which lay in the westerly half of what was known as the Old Harlem road, the use of which as a public thoroughfare was common two centuries ago, but was abandoned prior to 1850. The plaintiff claims to derive title from one Poillon, who died intestate in 1865, and the plaintiff attempts to establish his contention by proof of deeds from Poillon's receiver in chancery and assignee in bankruptcy, respectively, and by adverse possession against Poillon and against the city. Adverse possession against the city for the statutory period is not satisfactorily established. Adverse possession against Poillon and his heirs is not established, because the existence of infant, absentee, and noncompos heirs is not disproved. As regards the deed of the assignee in bankruptcy, the facts show that the original assignee in bankruptcy was appointed in 1842 and died thereafter, and after the lapse of many years another assignee in bankruptcy was appointed in 1885, who gave a quitclaim deed to the premises in controversy to the plaintiff's predecessors in title. By reason of this chancery receivership, which had preceded the bankruptcy proceedings by two years, it is doubtful whether the original assignee in bankruptcy had title to the gore. See Page v. Waring, 76 N. Y. 473. But even if the original assignee in bankruptcy had title, it must be presumed that the trust ceased because of lapse of time. Kip v. Hirsh, 103 N. Y. 565, 9 N. E. 317. See, also, Laws 1875, p. 618, c. 545. As regards the deed of the receiver, it appears that, upon a creditor's bill, a receiver was appointed in the Court of Chancery in 1840, who thereafter died, and many years after, in 1876, a succeeding receiver was appointed, who attempted, by a deed of very vague description, to convey the property in controversy in 1885. Even if the deed be held to describe sufficiently the property in controversy, the trust must be regarded as having ceased in the receiver for the same reasons as affected the assignee in bankruptcy. The decision in Nicoll v. Boyd, 90 N. Y. 516, which the plaintiff urges as an authority to the contrary, expressly leaves this point undecided. It follows, therefore, that judgment must be given to the defendant.

Judgment for defendant.