F. B. KOSTOR, Plaintiff, *v.* JOSEPHENE KLISS, Defendant.

County Court, Oneida County, September 4, 1930.

*M. S. Ogonowski,* for the plaintiff, judgment creditor.

*James & Leo O. Coupe,* for the defendant.

HAZARD, J.   This is a motion in supplementary proceedings upon the above-entitled judgment.   The proceedings were instituted before the special surrogate who granted the usual order in supplementary proceedings, dated May 22, 1930.   Thereafter the defendant was examined before the referee and certain proceedings had therein.   Sometime later, and without the above facts being understood by me, a receiver was appointed by me, and now this motion is made.

I am convinced that the proceedings, as outlined above, are incorrect and unwarranted in law; that is, so much thereof as involved the obtaining of orders herein from myself.   Supplementary proceedings are proceedings before a magistrate, and *not* proceedings in court.   (*Matter of Wilson* v. *Bracknen,* 150 App. Div. 577.)

The matter is, I think, regulated by section 805 of the Civil Practice Act which provides that " at any time after making an order requiring the judgment debtor or any other person to attend and be examined, * * * *the judge to whom the order or warrant is returnable* may make an order appointing a receiver of the property of the judgment-debtor."   Section 93 of the Civil Practice Act provides for what may be done in case of the death, etc., of the officer before whom the proceedings were started. Inasmuch as that officer is still alive and still in office, it seems clear that the motion for a receiver and all subsequent motions should have been made before him.   Section 78 of the Civil Practice Act provides that in the first and second districts special proceedings may be continued before another judge " *of the same court.*" Section 801 of the Civil Practice Act makes sections 78 and 93 apply to supplementary proceedings; but as this is not in the first or second districts, and the judge who signed the original order herein is not of the same court as I am, I do not see that it helps us any. It has been held that the clause in every supplementary proceeding order, including the one at bar, that " all subsequent proceedings shall be had before the undersigned," does not forbid the institution of a third party proceeding before a different judge.   (*First National Bank of Rome* v. *Dering,* 8 N. Y. Wkly. Dig. 261.)

The court said: " I think the phrase ' all subsequent proceedings ' should be construed as meaning all subsequent proceedings under the order.   This would not prevent any other officer, having jurisdiction, from granting an order against some other debtor.   It

would be a separate proceeding, though based on the same judgment."

In addition to any statutory or common-law rules, it is good practice to require that a proceeding or matter started before a judge should be continued and finished before that particular magistrate.

I am, therefore, compelled to hold that the inadvertent appointment of a receiver by myself was without warrant or jurisdiction, and that the same is true of the current motion.

Of course this ruling is made strictly upon the law and does not involve the merits involved in the instant application.