GREENBRIER REALTY CORPORATION, Respondent, *v.* GRACE SIMON, Appellant.*

First Department, January 19, 1934.

*Arthur C. Mandel,* for the judgment debtor, appellant, and Josephine Stechan, as third party, appellant.

*Solomon Traub* of counsel [*Edison & Traub,* attorneys], for the judgment creditor, respondent, and for the receiver.

UNTERMYER, J. We think the Supreme Court had no power to appoint a receiver in supplementary proceedings instituted in the City Court. Such a receiver is appointed exclusively under the authority of the statute (Civ. Prac. Act, § 805) and not under the general equity powers of the Supreme Court. Section 805, applicable here, provides that " the judge to whom the order or warrant is returnable " may appoint a receiver of the property of the judgment debtor. By section 78 of the Civil Practice Act, it is provided that in the first and second judicial districts such proceedings may be continued before any other judge " of the same court." Since

---

* Appeals dismissed, 264 N. Y. 596.

the statute expressly limits the right to appoint a receiver in supplementary proceedings to the judge to whom the order or warrant is returnable, the order of the Supreme Court appointing the receiver in supplementary proceedings in the City Court should be reversed. (See *Smith* v. *Barnum*, 59 App. Div. 291; *Kostor* v. *Kliss*, 137 Misc. 754.)

For these reasons and for the further reason that there is an issue of fact concerning the right of the receiver to the sum of $2,300, the order directing the judgment debtor's sister, as a third party, to turn over said fund to the receiver should also be reversed. (See *Kenney* v. *South Shore Natural Gas & F. Co.*, 201 N. Y. 89.)

The order appealed from (3196), in so far as it adheres to the original determination, should be reversed, with twenty dollars costs and disbursements, and the motion to vacate the order of May 23, 1933, appointing a receiver, granted, with ten dollars costs.

The order appealed from (3197) directing the judgment debtor and Josephine Stechan, her sister, to turn over to the receiver the sum of $2,300 should be reversed, with twenty dollars costs and disbursements, and the motion denied.

(3196) FINCH, P. J., and O'MALLEY, J., concur; MERRELL and MARTIN, JJ., dissent and vote to affirm.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion to vacate order of May 23, 1933, appointing a receiver, granted, with ten dollars costs.

(3197) FINCH, P. J., concurs; O'MALLEY, J., concurs in result; MERRELL and MARTIN, JJ., dissent and vote to affirm.

Order reversed, with twenty dollars costs and disbursements, and motion denied.