**Russell KASTER, Appellant
(Plaintiff Below),**

v.

**Dr. James HEINRICH, M.D., and Dr.
Raymond Pierce, M.D., Appellees
(Defendants Below).**

No. 2-185 A 4.

Court of Appeals of Indiana,
Second District.

Feb. 26, 1986.

John E. Thrasher, Indianapolis, for appellant.

John G. Forbes, Indianapolis, for appellees.

SHIELDS, Justice.

On April 15, 1982, Appellant Russell Kaster brought a medical malpractice action against defendants, Drs. James Heinrich and Raymond Pierce. Kaster appeals the trial court's grant of the physicians' Motion for Judgment on the Evidence made at the conclusion of Kaster's evidence in chief.

## ISSUES

On appeal, Kaster raises the following issues for our consideration:

1) Whether the trial court erred in twice granting the physicians an enlargement of time to respond to Kaster's Requests for Admission?

2) Whether the physicians' trial counsel's alleged misconduct prior to trial undermined the validity of the Judgment on the Evidence?

## FACTS

On November 30, 1983, Kaster served Heinrich with requests for admission to which Heinrich was requested to respond within 30 days of receipt. On December 2, 1983, Kaster served Pierce with a similar set of requests.

The physicians, desiring additional time to respond to Kaster's requests, prepared a Motion for Enlargement of Time. The Motion was presented to the clerk of Marion County on December 29, 1983 as evidenced by the file stamp bearing that date and the clerk's signature. However, the motion incorrectly stated the court and the cause number of the case. The motion was again presented to the clerk on January 13, 1984, this time bearing the correct court and cause number designation. The trial court granted the motion, extending the time for the physicians' responses to on or before January 15, 1984. On January 17, 1984, the physicians filed a motion requesting a second enlargement of time up to and including February 1, 1984. On January 24, 1984, after the second motion had been granted, Kaster filed a memorandum in opposition to the motion. The physicians subsequently filed written responses to the requests.

Kaster filed a motion for a partial summary judgment on January 27, 1984, relying on facts which Kaster argued the physicians admitted due to their failure to timely respond to Kaster's requests for

admissions. At the hearing on the motion, held March 20, 1984, the trial court, over Kaster's objection, in effect ruled the physicians' written responses were timely. The trial court denied the summary judgment motion.

A jury trial of the action commenced on October 2, 1984. On the second day of trial, the trial court granted the physicians' Motion for Judgment on the Evidence and entered a judgment in their favor.

## DISCUSSION

### I.

Kaster argues the trial court erred in granting the physicians' Motions for Enlargement of Time. Citing *Hanchar Ind. Waste v. Wayne Reclamation* [1] (1981) Ind. App., 418 N.E.2d 268 Kaster asserts that because the time for response to the requests for admission had expired when the physicians filed their motions, the matters contained in the requests were admitted by operation of law and the physicians were required to file motions for leave to amend their constructive admissions under Trial Rule 36(B).[2] Neither motion of the physicians took the form of a motion under Rule 36(B),[3] and, consequently, the trial court applied an erroneous standard in granting the motions.

### A.

■ Kaster contends the first motion, filed on January 13, 1984, was delinquent.[4] The physicians, on the other hand, argue the motion was filed on December 29, 1984.[5] They admit the motion was initially filed under an incorrect cause number, an alleged clerical error. However, they assert the trial court properly granted the motion because excusable neglect, such as clerical error, should not deny a party a fair trial.

The trial court's action in granting the physicians' first Motion for Enlargement of Time was proper. Our analysis begins with defining the term "filing with the court" as contained within the Indiana

1. In *Hanchar Ind. Waste v. Wayne Reclamation* (1981) Ind.App., 418 N.E.2d 268, Hanchar filed a set of requests for admissions on January 9, 1980. The requests contained a thirty day time limitation. On February 27, 1980, Wayne Reclamation petitioned the court for an extension of time to respond to Hanchar's requests for admission, basing its petition on the grounds of inadvertence and excusable neglect under Trial Rule 6(B)(2). The trial court granted the petition, and Hanchar appealed. The appellate court found "[a]n extension of time granted by a court after the time specified in the request has passed is in reality an opportunity for the party to withdraw or amend the admissions made by operation of law" and Trial Rule 36(B), rather than Trial Rule 6(B)(2), applies in such a case. Because Wayne Reclamation's petition was based solely on the standard of Trial Rule 6(B)(2), the court concluded the trial court applied an erroneous standard in granting the motion and remanded the case to the trial court. 418 N.E.2d at 270.

2. Ind. Rules of Procedure, Trial Rule 36(B) provides:
   "(B) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

3. The motions were entitled "Motion for Enlargement of Time." The physicians predicated their first motion on "the nature and complexity of the matters contained in said requests, and the fact that one of the Defendants does not reside in the State of Indiana." Record at 63. The second motion was based on similar grounds.

4. Both parties agree the time for response to the requests for admissions expired no later than January 4, 1984.

5. If the motion was filed on December 29, the motion was made before the expiration of the response period and the trial court correctly applied the standard of Trial Rule 6(B)(1). *See Hanchar Ind. Waste v. Wayne Reclamation & Recycling, Inc.* (1981) Ind.App., 418 N.E.2d 268, 273 n.4 (Staton, J., concurring in part and dissenting in part).

Rules of Trial Procedure. Trial Rule 5(E) provides filing with the court may be accomplished, among other ways, by "[d]elivering the pleadings or papers to the clerk of the court." Ind.R.Tr.P. 5(E). A document is considered filed when it is delivered to the proper officer and received by the officer for the purpose of filing. The file stamp endorsed on the document is merely evidence of filing. *Oats v. State* (1899), 153 Ind. 436, 55 N.E. 226; *see* 71 C.J.S. *Pleading* § 408 (1951). Although the present case was filed in the Marion Superior Court, the proper officer to receive the motion was the clerk of the Marion Circuit Court. In Marion County, the clerk of the circuit court serves as clerk of the superior court and the municipal court.[6] Thus, because the clerk of the circuit court was the proper officer to receive the motion, the motion was filed when it was presented to that clerk on December 29, 1983 as evidenced by the file stamp bearing that date.

The issue then becomes whether the motion, which included an incorrect cause number and court, sufficiently relates to or can be identified with the case that had been instituted in the superior court. A caption setting forth the name of the court, the title of the action, the file number, and a designation of the document, is required in all pleadings.[7] Ind.R.Tr.P. 10(A). However, the technical exactness required in pleadings is not similarly demanded in motions. *See Hattaway v. Atlanta, Steel & Tinplate Co.* (1900), 155 Ind. 507, 58 N.E.2d 718; *Lashley v. King* (1863), 20 Ind. 232; 20 I.L.E. *Motions* § 1 (1959). The Indiana Rules of Trial Procedure only require motions to "state the grounds therefor and the relief or order sought." Ind.R. Tr.P. 7(B). Nevertheless, a motion must bear some identification to a pending case.

*See Smith v. Harris* (1893), 135 Ind. 621, 35 N.E. 984.

The motion in the present case, although including an erroneous cause number and court, stated the correct case name. A means existed to identify the motion with the pending case, and thus it was within the trial court's discretion to consider the motion filed December 29. *See Sacks v. American Fletcher Nat. Bank & Trust Co.* (1972), 258 Ind. 189, 279 N.E.2d 807 ("the acceptance of motions is within the trial court's discretion"). Accordingly, the trial court correctly applied the standard of Rule 6(B)(1) to the motion filed December 29.

### B.

■ Kaster argues the second motion was filed two days after the first enlargement of time had expired. We disagree. Although Kaster is correct the first Order granting the Motion for Enlargement of Time stated the physicians' responses were due on or before January 15, 1984 and they filed their second motion on January 17, 1984, the time for the physicians' responses was actually extended to January 17, 1984. Trial Rule 6(A) provides in computing time prescribed by order of the court, the last day of the period so computed is not included if it is: "(1) a Saturday; (2) a Sunday; (3) a legal holiday as defined by state statute; or (4) a day the office in which the act is to be done is closed during regular business hours." Ind.R.Tr.P. 6(A). January 15, the date on or before which the physicians' requests were due as stated in the court's order, was a Sunday. The Marion County Superior Court was closed the following day, January 16, due to the observance of Martin Luther King, Jr. Day. *See* Ind. Code Ann. § 1–1–12–1 (Burns Repl.1982). Thus, the first motion actually extended

---

**6.** Indiana Code Ann. § 33–17–1–1 (Burns Repl. 1985) provides "in a county having one (1) or more superior courts or a probate court, the clerk shall serve as clerk of the superior court or probate court as well as clerk of the circuit court." Indiana Code Ann. § 33–6–1–7 (Burns Repl.1985) provides "[t]he clerk of the circuit court of the county in which such municipal court may be located shall be the clerk of said municipal court."

**7.** A motion is not a "pleading" within the Indiana Rules of Trial Procedure. *See* Ind.R.P. 7(A); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure (1969) (Motion is ordinarily not regarded as a pleading).

the time for the physicians' responses to on or before January 17, 1984. Thus, the physicians' second Motion for Enlargement of Time, filed January 17, 1984, was filed "before the expiration of the period originally ... extended by a previous order," and the trial court correctly applied the standard of Rule 6(B)(1) in granting the motion. *See* Ind.R.Tr.P. 6(B)(1).

## II.

Kaster also contends the physicians' counsel's alleged fraudulent conduct warrants reversal of the trial court's grant of the physicians' Motion for Judgment on the Evidence. Specifically, Kaster asserts the physicians' counsel represented to Kaster's counsel prior to trial that Dr. Heinrich would be in court to testify on October 3, 1984. Relying on this representation, Kaster's counsel refrained from subpoening Heinrich. On the morning trial was to begin, October 2, 1984, Kaster's counsel then attempted to subpoena Heinrich but could not obtain his appearance at trial prior to the time the court granted the Motion for Judgment on the Evidence.[8] Kaster argues the physicians' counsel's conduct was fraudulent and because Heinrich's subsequent absence resulted in the case being dismissed, the trial court's judgment should be reversed.

When Kaster's counsel learned Heinrich would not be in attendance at trial, the proper course of conduct was to move for continuance.[9] Kaster's counsel failed to request a continuance. Consequently, Kaster's argument regarding the physicians' counsel's alleged misconduct and Kaster's counsel's reliance is waived for purposes of appeal.

The judgment of the trial court is in all things affirmed.

Buchanan, C.J., and Sullivan, J., concur.

---

[8] After learning that Dr. Heinrich would not be at trial, Kaster's counsel arranged to subpoena Heinrich in Evansville. However, Kaster's counsel did not secure return of service of the subpoena before the court granted the Defendants's motion.

[9] *See* Ind.R.Tr.P. 53.5.